Chief Judge Fuld.
On January 20, 1969, a fire of suspicious origin damaged a building in Monticello. The defendant, a 24-year-old laborer, with a history of mental illness, was questioned by the police in a local station house and, after denying that he had been involved, agreed to a lie detector test. Taken to the State Police barracks in another city, he was closeted alone in a polygraph room with Officer J. F. Cotter for some four and a half hours, from 12 midnight to about 4:30 a.m., when he finally confessed. Immediately turned over by Cotter to another officer, B. B. Fuente, he repeated his story. It is his claim that his confession was coerced by the physical and mental abuse to which he was subjected by Officer Cotter.
*54 Following his indictment for the crime of arson in the second degree, he challenged the voluntariness of the confession. Officer Cotter, the defendant declared at the Huntley hearing, became angry when, after hours of questioning, he persisted in denying his guilt and refused the officer’s request to “ admit ” that he was responsible for the fire in Monticello as well as fires in other cities. Then, he continued, as he “ started getting very sleepy and doze [d] off in the chair * * * [Cotter] pushed my head back and smacked my head on back of the chair ’ ’-and, later, when he again “ started to doze off ”, he held “ my head up by the forelock on my hair [and] said why don’t I admit it, get it over with.” “ Finally ” the defendant concluded — after Cotter had “ resumed all over again, same questions, same answers and everything ” — “I got fed up, I said I was going to admit it so he would leave me alone so X could get some sleep. ’ ’[1] He thereupon gave Cotter a confession.
The prosecution did not call Officer Cotter and did not offer any explanation or reason for its failure to do so.[2] Despite the defendant’s uncontradicted testimony as to his treatment at the hands of Cotter, the court ruled the confession voluntary and, accordingly, it was received in evidence upon the trial. The *55 jury found the defendant guilty of third degree arson, and a divided Appellate Division affirmed the resulting judgment (36 A D 2d 671).
The conviction must he reversed; in our view, the voluntariness of the defendant’s confession was not, as required by law, proven beyond a reasonable doubt. (See, e.g., People v. Huntley, 15 N Y 2d 72, 78; People v. Leonti, 18 N Y 2d 384, 389; People v. Anthony, 24 N Y 2d 696, 701-702.) In the present case, it was the defendant’s testimony that he had been physically and mentally abused by Officer Cotter and that he confessed only because of that abuse. This testimony, undenied and uncontradicted, since the People failed to call Cotter to challenge the defendant’s story, virtually compels the conclusion that the confession was not voluntarily given. “Under such circumstances,” as Presiding Justice Herlihy, dissenting below, observed (36 A D 2d, at p. 673), “ where the People had control of the witness and his availability was not questioned, the trial court should have assumed that Cotter’s testimony would be unfavorable to the People and thus corroborative of the defendant’s claim of abuse.” (See, also, Noce v. Kaufman, 2 N Y 2d 347, 353; People v. Moore, 17 A D 2d 57, 59; Laffin v. Ryan, 4 A D 2d 21, 25-26; 2 Wigmore [3d ed., 1940], p. 163.) Since it is manifest that the defendant’s statement to Officer Fuente immediately after leaving the polygraph room stemmed from the treatment to which he had assertedly been subjected by Cotter, the second statement must be deemed part of one continuous process. The taint underlying the first confession rendered the second likewise inadmissible. (See, e.g., People v. Ruppert, 26 N Y 2d 437, 443; Clewis v. Texas, 386 U. S. 707, 710; Leyra v. Henno, 347 U. S. 556, 561.)
In sum, then, in view of the People’s failure to call Officer Cotter as a witness, the evidence adduced at the Huntley hearing did not establish beyond a reasonable doubt that it was voluntarily given and obtained. The order appealed from should be reversed and a new trial, including a new Huntley hearing (see People v. Ruppert, 26 N Y 2d 437,444, supra), should be ordered.
Judges Burke, Sceleppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed and new trial ordered.

. In somewhat greater detail, the defendant testified that “he [Officer Cotter] started asking me all kinds of questions about fires in Monticello, fires in Liberty and Port Jervis and I didn’t know anything about them, and he started getting a little bit angry with me. He says, ‘ Answer yes, admit it. I was going to admit to this one, why didn’t I admit to all of them. I couldn’t get any more time if I admit to all of them.’ I says, ‘ I’m not going to admit to any of them.’ So he kept asking me the questions and I don’t know what time it was * * * I started getting very sleepy and doze[d] off in the chair and he pushed my head back and smacked my head on back of the chair and I started getting a little bit loud and I was told to calm down before I made it worse for myself. I started to doze off again. He held my head up by the forelock on my hair, he said why don’t I admit it, get it over with. * * * then he went out * * * The * * * officer came back in again and we resumed all over again, same questions, same answers and everything. Finally I got fed up, I said I was going to admit it so he would leave me alone so I could get some sleep.”

. Officer Fuente confirmed that the defendant had been alone with Cotter in the polygraph room for about four hours. He also testified that, when they emerged from the room, Cotter told him that the defendant had something to say to him and that the defendant, after being informed of his rights, proceeded to confess that he was responsible for the fire.