Memorandum. The order of the Appellate Division should be affirmed on the record before us.
 

 Proof of the commission by defendant of the crime charged here depended almost solely on the testimony of Patrolman Filler. Where another police officer, Officer Rothstein, had
 
 *660
 
 acted jointly with Patrolman Filler and, presumably, was an eyewitness to the transaction and was readily available to the, prosecution, better practice would have been to have put him on the stand as well. In circumstances such as these, testimony of the second officer would not necessarily be cumulative only or trivial.
 

 Additionally, in the case of noncumulative testimony, the defendant cannot be deprived of his right to comment on the failure of the prosecution to produce such a witness, or of his right, on request, to a proper charge as to the inference which might be drawn by the jury from the failure of the prosecution to produce the witness, by the prosecution’s tender of the witness in the courtroom, to be interviewed by defense counsel and, if thereafter desired, to be called to the stand as a witness for the defense. Although in a literal sense such a witness could be said to be available to both parties, he would be expected to be favorable to the prosecution and hostile to the defense.
 

 We construe the record in this case as disclosing that the request to comment on the failure of the People to put Officer Eothstein on the stand was withdrawn and substantially modified. As so modified, it was granted in full by the trial court. Then there was no request for a charge as to any inference arising from the People’s failure to call Officer Eothstein as a witness. In this state of the record the questions whether defendant was deprived of rights to which he was entitled were accordingly not preserved for our review.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Rabin concur; Judge Stevens taking no part.
 

 Order affirmed in memorandum.