■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BUCKLER, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 27, 1974, convicting him of burglary in the third degree, on his plea of guilty, and imposing sentence. The appeal brings up for review a determination of the same court, dated May 20, 1974, which denied defendant's motion to suppress statements allegedly made by him. Judgment and order affirmed. No opinion. Rabin, Acting P. J., Hopkins, Latham and Munder, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment, grant the motion, and dismiss the indictment, with the following memorandum: There were sharp issues of fact at the *Huntley* hearing as to whether and to what extent defendant was under the influence of alcohol at the time of the interrogation, whether he was given the *Miranda* warnings prior to the interrogation, whether he waived his rights thereunder and whether improper psychological coercion was used against him. The People called only one of the two detectives involved in the interrogation. Under the facts of this case, the other detective should have been called. The People's brief states that he is now dead. I deem the evidence insufficient, as a matter of law, to establish beyond a reasonable doubt that the statement taken from defendant was voluntary *(People v Valerius,* 31 NY2d 51; *People v Brown,* 34 NY2d 658). In addition, I deem the *Miranda* warnings given to defendant to be woefully insufficient as a matter of law. As contained at the beginning of defendant's statement it reads, in pertinent part: "We cannot ourselves furnish you a lawyer, but one will be appointed for you, if you wish, when you go to Court." Defendant was entitled to be told that he had a right to assigned counsel at that time and not "when you go to Court".

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD N. D'ARBEAU, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered December 27, 1973, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review (1) so much of an order of the same court, dated August 29, 1972, as denied that branch of defendant's motion which sought to suppress certain identification testimony and (2) a further order of the same court, dated December 21, 1973, which denied defendant's motion to set aside the verdict and for a new trial on the ground of newly discovered evidence. Order of August 29, 1972 reversed insofar as reviewed, on the law, and said branch of defendant's motion is granted to the extent that a hearing is directed as to the propriety of the identification at issue. The case is remanded to the County Court for the holding of such a hearing, pursuant to CPL article 710. The appeal from the judgment will be held in abeyance in the interim. The trial court's refusal to grant said branch of defendant's motion to the extent of directing an identification hearing was error. Hopkins, Acting P. J., Latham, Brennan and Shapiro, JJ., concur.