■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN RIVERA, Appellant.—Judgment, Supreme Court, Bronx County rendered February 10, 1975, convicting defendant, upon a jury verdict, of criminal sale of a controlled substance (3d degree) and sentencing her to a term of from 2½ years to life in prison, unanimously reversed, on the law and in the exercise of discretion and in the interest of justice, and the case remanded for a new trial. The defendant was accused of having sold a $50 "spoon" of cocaine to undercover police officer Toro in the first floor hallway of a tenement house in the Bronx, on January 23, 1974 at approximately 10:00 P.M. Toro testified that 10 minutes after having been introduced to the defendant on the street by a confidential informant, he and the defendant walked into the hallway of 882 Beck Street where he paid her $50 for the cocaine. The defendant refused to allow Toro to accompany her as she went upstairs, presumably to her apartment. She returned 5 to 10 minutes later and gave him the cocaine. Toro then went outside and again met the waiting informant. After spending 5 or 10 minutes in front of the building, Toro and the informant walked away, after signalling to a "back up" team of police officers that a buy had been made. The defendant was not arrested until February 26, 1974. On that day Toro observed appellant through a one-way mirror at a precinct. Toro testified at a *Wade* hearing that the defendant was either alone in the room or in the company of one police officer. At the conclusion of the hearing, the Trial Justice ruled that the precinct identification was inadmissible as being the product of impermissibly suggestive police procedures. However, he held that there was an independent source for Toro's potential in-court identification. The trial court rejected all defense counsel's requests for the identity and the activities of the informant on the pertinent day. The defendant took the stand and denied ever having seen Toro, let alone selling him cocaine. She noted that "Carmen", the name by which Toro said the informant had introduced the defendant, was a most common name in her Spanish speaking neighborhood and indeed she identified several "Carmens" in her apartment building or neighborhood. She is the mother of six children, unable to work due to a recent cancer operation and previously had never been convicted of a crime. More than a month elapsed between the day of the sale and the arrest of the defendant. Toro testified that the Beck Street neighborhood was composed primarily of Hispanic people, heavily trafficked with pedestrians and automobiles and that many persons went in and out of the building while he was in the hallway speaking to or waiting for the defendant, and that he spoke to some of them in Spanish. We have, therefore, a situation where the police officer was in the presence of the seller for only a few minutes in a busy hallway where he not only spoke to the seller but to several others, more than a month elapsed before the illegal suggestive identification was made in the station house, and a year elapsed before he identified the defendant in Court as the seller. Under these circumstances, we perceive a grave risk of mistaken identity. Here, as in *People v Goggins* (34 NY2d 163, 168), the issues involve not only the right to confrontation, due process and fairness, but most importantly, the risk of wrongfully convicting the innocent. Disclosure of the informant's identity is appropriate when, by introducing the parties to each other, he may be considered to have been "an

active participant in setting the stage." *(Gilmore v United States,* 256 F2d 565, 567; see, also, *United States v Roberts,* 388 F2d 646, 647, 649; *Price v Superior Ct.,* 1 Cal 3d 836; *People v Goggins, supra,* at p 170.) The record presents less than trouble-free identification testimony. Hence, disclosure should have been directed and even, if appropriate, production of the informant-witness. Concur—Murphy, J. P., Lupiano, Birns, Capozzoli and Nunez, JJ.