THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v JAMES SAMUELS et al., Appellants.—Appeals from a judgment of the County Court of Clinton County, rendered July 3, 1975, upon a verdict convicting defendant Samuels of one count of criminal sale of a controlled substance in the third degree; three counts of criminal possession of a controlled substance in the third degree; two counts of criminal sale of a controlled substance in the second degree and one count of criminal possession of hypodermic instruments; and convicting defendant Glassford of one count of criminal sale of a controlled substance in the second degree, one count of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Defendants Samuels and Glassford allege numerous errors but only two require discussion. Each defendant contends that the trial court's refusal to charge that the People's failure to call a certain witness could be the basis of an inference adverse to the People was reversible error. The request to so charge must be reviewed in the context of three separate meetings attended by each of the defend-

ants, New York State Police Investigator Ward, Janet Boulerice and an air force sergeant named Means. Investigator Ward testified that at the meeting on July 19, 1974 at a boathouse where defendant Glassford worked, Glassford removed eight glassine envelopes of heroin from his wallet and gave them to Ward who, in turn, gave defendant Samuels $150. At the second meeting on July 22, 1974, in Samuels' apartment, Ward testified that Glassford removed a quantity of heroin from the refrigerator and handed it to him. Ward then gave Samuels $450. At the third meeting on July 29, 1974, again in Samuels' apartment, Ward testified that Glassford removed another and larger quantity of heroin from the refrigerator and handed it to Ward who, in turn, paid Samuels $850. Defendant Glassford testified that he did not give Ward any heroin at the boathouse on July 19, 1974. In fact, he testified that he told Ward and Sergeant Means that he was a student and wanted no part in any transaction involving drugs. Further, Glassford testified that on July 22 and 29, 1974, although he was present in Samuels' apartment when Ward and Sergeant Means arrived, he did not participate in any conversations with Ward and was uninterested in the conversation that did take place among Ward, Means and defendant Samuels. Janet Boulerice, a codefendant who had pleaded guilty, testified that she could not see or hear what happened at the boathouse on July 19 and, further, that on July 22 and 29 it was Samuels, not Glassford, who removed the heroin from the refrigerator and gave it to Ward. Thus, it is clear that the testimony of Inspector Ward and defendant Glassford created a stark factual issue which Janet Boulerice's testimony did nothing to resolve. Against this backdrop we must determine if the People had an obligation to either call Sergeant Means, present at all three meetings, or explain his absence. In *People v Douglas* (54 AD2d 515, 516) this court stated that where, as here, a potential witness is an informant who was present at the scene, "an unfavorable inference may arise when a party fails to call a witness under his control who is shown to be in a position to give material evidence *(People v Valerius,* 31 NY2d 51; *People v Moore,* 17 AD2d 57, cert den 371 US 838)." While such an inference may not be drawn from testimony that is merely cumulative, where the testimony is material and noncumulative, as here, a defendant cannot be deprived of his right to a proper charge as to the inferences which might be drawn by the jury *(People v Brown,* 34 NY2d 658; *People v Douglas, supra).* Herein, the failure of the court to charge as requested by both defendants had the wrongful result that the rule is intended to avoid. After the case was submitted, the jury, on three separate occasions, asked that the testimony of Janet Boulerice be reread to them. The first inquiry asked "Did Janice *[sic]* testify at the Valcour boathouse on July 18 *[sic]* as to what she saw or heard and whether drugs or money were exchanged." Still unsatisfied after hearing the reading of Janet's testimony, the jury stated "We wish to hear Janet's testimony in regard to Glassford's involvement in Apt. 46 on July 22." Again, for the third time, in an apparent search for some means to resolve Glassford's degree of participation, the jury inquired "Could you provide Janet's direct testimony or testimony on cross-examination on the needles on July 22 in regard to Glassford's involvement; also Janet's testimony on cross-examination regarding Glassford and drugs on July 22?" This obvious difficulty of the jury to resolve Glassford's status leads to the conclusion that it is reasonably possible that if the jury had been properly instructed as to the inference it might draw from the People's failure to call Sergeant Means, who as a conceded informant was under the People's management *(Hayden v New York Rys. Co.,* 233 NY 34), a contrary verdict might have resulted

with respect to defendant Glassford. The error, therefore, is not harmless and requires reversal and a new trial with respect to both defendants Samuels and Glassford. Since upon retrial the issue will likely arise again, we must consider defendant Glassford's further contention that the trial court erred in imposing sentences for the possession as well as the sale charges. As a result of the transaction on July 19, Glassford was convicted of criminal sale (Penal Law, § 220.39) and criminal possession (Penal Law, § 220.16) of a controlled substance in the third degree. With respect to the July 29 transaction, he was convicted of criminal sale in the second degree (Penal Law, § 220.41) and criminal possession in the third degree. All the crimes are class A-III felonies except second degree criminal sale, an A-II felony. He was sentenced to six years to life on the second degree sale charge, and three years to life on each of the others. All four sentences were to run concurrently. On the facts presented at trial concerning the July 29 crimes, criminal possession, third degree, was a lesser included offense of criminal sale, second degree (CPL 1.20, subd 37; cf. *People v Jenkins,* 51 AD2d 1047; *People v Rivers,* 51 AD2d 531). Although it would be proper on retrial to submit both counts to the jury (CPL 300.40, subds 3, 4; 300.50), in the event of conviction on the higher count, the lesser count would have to be dismissed (CPL 300.40, subd 3, par [b]). As for the conviction concerning the July 19 transaction, third degree criminal possession is a noninclusory count with respect to third degree criminal sale since both are class A-III felonies (see *People v Lunsford,* 81 Misc 2d 985, 987). Judgment reversed, on the law, and a new trial ordered. Koreman, P. J., Sweeney, Mahoney and Mikoll, JJ., concur; Larkin, J., concurs in a memorandum. Larkin, J. (concurring). I vote to reverse under constraint of *People v Douglas (supra).*