THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ALAMO, Appellant.

First Department, July 11, 1978

## APPEARANCES OF COUNSEL

*Leigh R. Isaacs* of counsel *(Shea Gould Climenko & Casey,* attorneys), for appellant.

*Richard M. Joel* of counsel *(Alan D. Marrus* with him on the brief; *Mario D. Merola, District Attorney),* for respondent.

## OPINION OF THE COURT

FEIN, J.

Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of one year to life.

Defendant was charged with selling cocaine to an undercover officer after having been introduced to the officer by a confidential informant. Upon the trial, the officer testified as to the details of the "buy" operation. Defendant, testifying on his own behalf, denied either meeting the officer or selling him any cocaine. He testified that he was an auto mechanic and was working in a nearby garage on the date of the alleged sale. His employer corroborated his testimony.

The confidential informant who allegedly introduced the undercover officer to defendant did not testify at the trial. The court refused defendant's request that the jury be instructed that it could draw an unfavorable inference from the failure of the People to call the police informant as a witness. In this respect, the court erred. On this record, the failure to call the confidential informant may well have prejudiced defendant, where defendant offered corroborating testimony that he was working at the time of the alleged sale. Although the informant was not present at the time of the actual sale, his appearance could have aided the jury on the issue as to whether he did in fact introduce the undercover officer to defendant. *(People v Goggins,* 34 NY2d 163.) Although in *Goggins* the informant witnessed the sale, "disclosure of the informant's identity may also be appropriate when, by introducing the parties to each other or performing some other preliminary function he may be considered to have been 'an active participant in setting the stage'. *(Gilmore v. United States,* 256 F. 2d 565, 567 * * *)" *(People v Goggins, supra,* p 170; *People v Rivera,* 53 AD2d 819). As *Goggins* and *Rivera* hold, when the case is close, as here, on the issue of identity, disclosure is required. The failure to call the informant as a

witness warranted an instruction to the jury that an adverse inference may arise when a party fails to call a material witness who is under his control *(People v Valerius,* 31 NY2d 51; *People v Douglas,* 54 AD2d 515). Here, it is clear that the informant was under the control of the prosecution. Despite the assertion that the prosecutor did not know the informant's whereabouts, it appears that the prosecutor knew that the informant had left New York and was now in another State. Only his whereabouts in that State were allegedly unknown. There was no showing that a diligent effort was made to ascertain his whereabouts and to produce him to testify at trial.

■ There was also error in permitting cross-examination of defendant as to his possession of marihuana at the time of the arrest and as to whether or not he was engaged in the business of selling cocaine. The court had initially ruled improper any cross-examination with respect to defendant's possession of marihuana at the time he was booked. However, the Trial Justice improperly overruled an objection to the question: "Would you tell this jury what came fluttering out of your underwear when you were examined in the precinct?" It was clear from the context what the answer would be. The court's refusal to permit counsel to approach the Bench at this point compounded the error. Following the ruling, and defendant's response that it was "grass", the prosecutor added, "You don't mean the kind of grass we find in the park across the street, do you?" The questioning was plainly improper. It did not pertain to defendant's guilt or innocence of the crime for which he was being tried. It was also highly prejudicial and tended to show a propensity by defendant to commit the type of crime for which he was being tried. Such evidence could hardly be justified as admissible to impeach defendant's credibility. As noted, the court had initially ruled that defendant could not be cross-examined with regard to his possession of marihuana. It was error therafter to permit the prosecution to do so.

It is not a response that defendant failed to make a *Sandoval* motion. Nor is defendant in any way precluded from raising the issue on appeal. *People v Sandoval* (34 NY2d 371) establishes a procedural device for raising in issue the extent of cross-examination as to prior convictions in the event a defendant in a criminal case elects to take the stand (see *People v Davis,* 44 NY2d 269). The fact that a formal motion

may not have been made does not justify the improper ruling as to the permissible extent of cross-examination. The issue was raised and defense counsel attempted to raise it again when the court refused permission to approach the Bench.

These errors and others require remand for a new trial. Despite admonitions from the Trial Justice, the prosecutor persisted in questioning defendant with respect to two prior alleged larcenies which did not result in convictions. Although objection to the questioning was sustained, the prejudicial effect upon defendant is apparent. Equally improper were questions as to the source of $5,000 bail money and whether defendant had repaid the cash bail which had been posted by his sister. The prejudicial effect of the inquiry is apparent, particularly in light of the fact that defendant admittedly earned only $100 per week plus tips. The prosecutor's admission that this evidence was intended to establish defendant was a seller of cocaine, with an available source of funds from other sales, clearly establishes the irrelevant and prejudicial nature of the interrogation. Defendant was charged with a single sale, not with the illicit sale of drugs as a business. The testimony was admittedly offered so as to suggest to the jury the possibility that defendant was involved in and had committed other crimes with no apparent relationship to the crime charged here, a single sale. Moreover, proof that defendant had repaid his sister would not tend to establish that he was a seller of cocaine. (See *People v Jones,* 62 AD2d 356.) The court initially overruled the objection to the question and defendant responded that he had not repaid his sister. After a side-bar conference, at which it became apparent that the proof was offered to establish that defendant was in the business of selling cocaine, the court reversed itself and sustained the objection. However, the damage had already been done. Any prejudice engendered by the inquiry could not be cured.

Under the facts and circumstances herein, we find the errors sufficient to have impinged upon defendant's right to a fair trial.

Accordingly, the judgment, Supreme Court, Bronx County (REILLY, J.), rendered September 10, 1975, should be reversed, on the law and as a matter of discretion in the interest of justice, and the case remanded for a new trial.

LUPIANO, J. P., SILVERMAN, LANE and SULLIVAN, JJ., concur.

10

Judgment, Supreme Court, Bronx County, rendered on September 10, 1975, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the case remanded for a new trial.