■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT GROSS, Appellant. — Judgment affirmed. All concur, except Callahan, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Callahan, J. (dissenting). I respectfully dissent. This judgment should be reversed and a new trial held. Defendant was convicted in a jury trial of criminal sale of a controlled substance in the third degree upon proof that five tinfoil packets of heroin were sold to an undercover police officer who had been introduced to defendant by a paid police informant. The defendant testified in his own behalf and denied having sold any drugs to the undercover officer. He challenged the reliability of the undercover officer's identification and urged the court that a resolution of that issue required that the prosecutor be directed to reveal the identity of the informant who initially brought the parties together. Defendant contends that it was reversible error for the trial court to refuse to direct the People to disclose the identity of the informant who was in a position to help resolve the close issue as to the identity of the person who sold the drugs to the police. I agree. The record discloses that the People's case was predicated on the testimony of the undercover officer who testified that he was alone in an automobile with the defendant seated directly behind him when the drug sale took place. The officer was with the drug seller for a brief period of time; the confidential informant was not present at the time of the sale, and thus, was not an actual witness thereto. It is undisputed that the informant merely arranged the contact between the seller and the undercover officer. While the officer's testimony was corroborated in part by members of a surveillance and backup team, who testified that they had seen the defendant either enter the undercover officer's vehicle or in the vicinity of the plaza, their

observations were from distances ranging from 250 to 300 yards at a time in the evening when it was dark and there were unfavorable weather conditions. Under the circumstances of this case a plausible issue as to guilt was raised by the sharp conflict in the trial testimony, and the testimony of the informant who was an eyewitness to a crucial event in terms of defendant's testimony would be relevant to the guilt or innocence of the accused. Defendant was entitled to disclosure and production of the informant for an interrogation, *in camera*, before the Trial Judge *(People v Goggins,* 34 NY2d 163, cert den 419 US 1012). The failure to disclose the identity of the informant and to produce him operated to deprive this defendant of a fair trial. Defendant further contends that the trial court committed reversible error in refusing to give an unfavorable inference charge to the jury because of the District Attorney's failure to call the informant or two of the surveillance officers as witnesses. An unfavorable inference may arise when a party fails to call a witness under his control who is shown to be in a position to give material evidence *(People v Valerius,* 31 NY2d 51). While such an inference may not be drawn from testimony which is merely cumulative or trivial, when the testimony is noncumulative defendant cannot be deprived of his right to a proper charge as to the inference which might be drawn by the jury *(People v Brown,* 34 NY2d 658, 660). Where a potential witness is an informant who was present at the scene, the court's refusal to instruct the jury that it could draw an unfavorable inference from the People's failure to call the police informant as a witness was error *(People v Alamo,* 63 AD2d 6; *People v Samuels,* 59 AD2d 574; *People v Douglas,* 54 AD2d 515). The failure to call the confidential informant may well have prejudiced the defendant where there was a closely contested issue as to identity with defendant testifying that he was present in the area of the sale but did not sell any drugs. Although the informant was not present at the time of the actual sale, his appearance could have aided the jury on the issue as to whether he did in fact introduce the undercover officer to the defendant *(People v Goggins, supra; People v Alamo, supra).* The failure of the People to call the informant as a witness warranted an instruction to the jury that an adverse inference may arise when a party fails to call a material witness who is under his control *(People v Valerius, supra; People v Alamo, supra; People v Douglas, supra).* The court's refusal to give an unfavorable inference charge with respect to the People's failure to call two of the surveillance officers as witnesses was proper. Their testimony would have been cumulative to the testimony of the three surveillance officers who did testify. (Appeal from judgment of Monroe County Court — criminal sale controlled substance, third degree.) Present — Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.