■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD E. WILLIAMS, JR., Appellant. — Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered February 24, 1982, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony. After receiving a call from a concerned citizen at about 4:00 on the morning of August 9, 1981, the police found defendant slumped over the wheel of his Chevrolet Blazer vehicle. The lights were on, the engine was running and the vehicle was blocking the entrance of a private driveway. Defendant was aroused, with difficulty, and after doing very poorly

in the field sobriety tests he was placed under arrest for driving while intoxicated and taken to the Tioga County Sheriff's Department office in the Village of Owego. At about 4:30 A.M., a chemical analysis of defendant's breath was conducted and revealed a blood alcohol concentration of .21%. Ultimately, defendant was indicted on two separate felony counts of operating a motor vehicle with more than .10% blood alcohol concentration and of operating a motor vehicle while in an intoxicated condition. Defendant was convicted after trial of operating a motor vehicle while under the influence of alcohol as a felony in violation of subdivisions 2 and 5 of section 1192 of the Vehicle and Traffic Law. On appeal, defendant contends that the breathalyzer test results should not have been admitted in that defendant was not closely or continually observed during the 10-minute period immediately preceding the giving of the test, that the court's charge with respect to the missing witness and the Tompkins County Sheriff's Department's regulations was erroneous and that the verdict was against the weight of the evidence. Defendant's initial contention is bottomed on the testimony of his expert witness who testified that the accuracy of any breathalyzer would be dramatically affected if, in the 10-minute period immediately preceding the administration of the test, defendant regurgitated, belched or put a foreign substance in his mouth. While there is no competent evidence that any of these events occurred, defendant nonetheless contends that since he was not under strict and continuous observation during this time interval, the test results are inadmissible. We first note that the People presented uncontroverted evidence as to the accuracy of the instrument used, that it was in good working order, and that the chemicals employed were of the proper type and kind and were used in proper proportion. It was also demonstrated that the test was conducted by a certified breathalyzer operator, thereby creating a rebuttable presumption that the test was properly administered (Vehicle and Traffic Law, § 1194, subd 9). Even if there were some evidence as to the occurrence of one or more of the afore-mentioned conditions affecting the accuracy of the test during the 10-minute period, that evidence would go to the weight of the test result and not to its admissibility (see *People v Porter*, 46 AD2d 307). Moreover, the deputy sheriff who conducted the test was with defendant at all times during the 10-minute interval immediately prior to the test and at least one officer was with defendant at all times. Neither the statute, the regulations nor the exercise of reason call for the constant vigil which defendant would impose. Defendant next contends that the People's failure to call Deputy Shirley as a witness was sufficient to entitle defendant to a charge that an unfavorable inference might be drawn from that failure. We disagree. The testimony of Deputy Shirley, if given, would necessarily have been confined to his observations during the brief time span just prior to the administration of the breathalyzer test. As such, it would have been cumulative to the testimony of witnesses Meade and Eiklor. Moreover, Deputy Shirley was equally available to defendant and could have been subpoenaed by defendant if his testimony was desired (*People v Beach*, 60 AD2d 957). While defendant relies upon *People v Brown* (34 NY2d 658) and *People v Valerius* (31 NY2d 51), such reliance is unwarranted. In *Brown* (*supra*), the uncalled witness was an eyewitness to the underlying criminal transaction and was readily available and his testimony was material. In *Valerius* (*supra*), the defendant testified that his confession was brought about because he was physically and mentally abused by Officer Cotter. This testimony remained undenied and uncontradicted since Cotter was readily available but was not called. Nor does *People v Samuels* (59 AD2d 574) provide refuge for this defendant. *Samuels* (*supra*) restates what this court said in *People v Douglas* (54 AD2d 515, 516), wherein we stated that where a potential witness is an informant who was present at the scene, "an unfavorable

inference may arise when a party fails to call a witness under his control who is shown to be in a position to give material evidence (*People v Valerius,* 31 NY2d 51; *People v Moore,* 17 AD2d 57, cert den 371 US 838)". As can readily be observed, none of the elements which calls for the unfavorable inference charge is demonstrated here for the testimony was not material, was cumulative and was collateral to the underlying crime. We have examined the other claimed errors and find no reason to disturb the judgment of conviction. Judgment affirmed. Main, J. P., Yesawich, Jr., and Levine, JJ., concur.

Mikoll and Weiss, JJ., dissent and vote to reverse in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. Upon the basis of the result of a breathalyzer test, defendant was found guilty by a jury of operating a motor vehicle while under the influence of alcohol in violation of subdivisions 2 and 5 of section 1192 of the Vehicle and Traffic Law. In our view, certain trial errors occurred which were prejudicial to defendant and require that we vote for a reversal of his conviction. Defendant's contention that the trial court erroneously charged the jury, over objection, concerning the inference that may be drawn from the prosecution's failure to call Deputy Shirley as a witness is persuasive. The court instructed the jury on this issue in part: "When a party fails to call as a witness an available person, who is under his control and in a position to testify concerning a material fact, the jury may not speculate as to what the testimony would have been had said prospective witness been called. Also it may not be inferred that such evidence would have been unfavorable to the party who failed to produce it". In the circumstances of this case, the trial court's broad instruction that the jury may not draw an unfavorable inference from the failure to call Deputy Shirley constitutes reversible error (*People v Brown,* 34 NY2d 658; *People v Samuels,* 59 AD2d 574; *Laffin v Ryan,* 4 AD2d 21). The charge on this issue was confusing and prejudicial to defendant. Deputy Eiklor and defendant's expert witness, Stuart H. James, both testified that a subject should be observed for 20 minutes prior to being examined on the breathalyzer to ascertain that he did not regurgitate, vomit or put a foreign substance in his mouth. Defendant's expert witness testified that an additional 20-minute observation would be necessary if the subject had been belching within the preceding 20 minutes for the test to have any validity. This witness also stated that belching could produce an error as high as 100% in the results. A belch, if the subject had beer within the preceding three hours, could greatly distort the test. The proof also revealed that it was Deputy Shirley's responsibility to observe defendant to see that he did not belch, regurgitate or place any foreign substance in his mouth during a 10-minute period of the observation time. Deputy Eiklor was not in the presence of Deputy Shirley during this time. There was testimony that defendant said he had been drinking beer and that he had belched during the ride to the Sheriff's offices shortly before the test was administered. Thus, although Deputy Shirley's testimony was material, the prosecution never produced him at trial. Further prejudicial error occurred in the trial court's instructions to the jury concerning the validity the jury was to accord to the rules and regulations of the Tioga County Sheriff's Department concerning the administration of breathalyzer tests, including the regulation that two tests are to be given. The court's charge effectively precluded the jury from considering these rules and regulations in evaluating the weight of the evidence. We would therefore reverse the judgment of conviction and order a new trial.