■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE DENSON, Appellant. — Judgment unanimously affirmed. Memorandum: At trial, the prosecutrix told the jury in her opening statement that a codefendant would testify against the defendant as part of a plea bargain. The witness, however, refused to do so on the advice of counsel. The court refused the defendant's request to hold the prosecution witness in contempt and ordered defense counsel not to comment during summation

on the witness' failure to testify. The court charged the jury that the prosecution witness had become unavailable to the People for legal reasons beyond their control and that no inference could be drawn from that fact. Under these circumstances, the court's charge was entirely proper (*People v Thomas,* 51 NY2d 466, 469, 474, n 1; see, also, *People v Berg,* 59 NY2d 294, 299; *People v Adams,* 53 NY2d 241, 248; *People v Donnelly,* 89 AD2d 872, 873). The cases relied upon by defendant for the proposition that a missing witness charge should have been given (see, e.g., *People v Dillard,* 96 AD2d 112, 115; *People v Ramirez,* 73 AD2d 567; *People v Alamo,* 63 AD2d 6) are clearly distinguished because they involved witnesses who were under the People's control and were never called to testify while here, the codefendant was called but refused to testify for reasons beyond the People's control.

We find no merits in defendant's other arguments on appeal. (Appeal from judgment of Supreme Court, Monroe County, Pine, J. — robbery, second degree.) Present — Hancock, Jr., J. P., Callahan, Green, O'Donnell and Moule, JJ.