OPINION OF THE COURT
Rockwell Colaneri, J.
The defendant is charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). He now moves to suppress the result of a breath test pursuant to CPL 710.20 (5).
The defendant contends that the breath test result must be suppressed because the calibration test of the instrument which was performed immediately after the defendant’s *443 breath was analyzed indicates an excessive deviation from the alcohol percentage of a known sample. Specifically, 10 NYCRR 59.5 (d) provides: "[t]he result of an analysis of a suitable reference standard with an alcoholic content greater than 0.08 percent must agree with the reference standard value within the limits of plus or minus 0.01 percent weight per volume”.
In this case the reference standard value was .10% at 34 degrees centigrade. Therefore, in order to fall within the above-quoted regulation a test of this reference by the Intoxilizer must record a result of .09 to .11%. The test of the reference standard in this case shows a result of .111%. Defendant contends that since this value exceeds the upper limit of the regulation by .001%, the test is unreliable as a matter of law, and hence, is inadmissible. The court does not agree. In this regard the court notes that 10 NYCRR 59.5 (d) itself requires measurement only to the second decimal place. More importantly, 10 NYCRR 59.5 (e) specifically provides that results of breath tests are to be expressed only to the second decimal place, and that if a reading is given to the third decimal place, the third digit is to be ignored. Therefore, the calibration test in this case is properly expressed as .11%, and is within the tolerances set by the regulation.
Accordingly, the motion to suppress is denied.