■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN BONNEY, Appellant. [636 NYS2d 652] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 11, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant Ian Bonney was one of two men who took part in selling narcotics to an undercover officer on June 25, 1993 (see, People v Keller, 222 AD2d 698 [decided herewith]).

The defendant's claim that the trial court improperly marshaled the evidence in the prosecution's favor is meritless. The court is not required to explain all of the contentions of both parties, or outline all inconsistencies in the evidence (see, People v Saunders, 64 NY2d 665). Rather, it is required only to provide, in its discretion, a sufficient statement of facts to explain, as far as is practicable, the application of the law to the facts (see, CPL 300.10 [2]; People v Geattys, 200 AD2d 585). We find no improvident exercise of that discretion here.

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW BURGOS, Appellant. [636 NYS2d 653] —Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Orange County (Berry, J.), both imposed June 6, 1994.

Ordered that the sentences are affirmed.

Contrary to the defendant's contention, the sentences imposed were not illegal (see, Penal Law § 70.00 [3] [b]). Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.