■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HOUSTON, Appellant. [636 NYS2d 657] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 22, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KELLER, Appellant. [636 NYS2d 656] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 11, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant Edward Keller was one of two men who took part in selling narcotics to an undercover officer on June 25, 1993 *(see, People v Bonney,* 222 AD2d 687 [decided herewith]).

The defendant's claim that he was not assigned counsel until 34 days after the Grand Jury returned an indictment and was therefore denied his right to counsel is not supported by the record. An examination of the court files in this case reveals that he was represented by counsel at his arraignments in both Criminal Court and Supreme Court, as well as at trial. Moreover, the defendant waived his right to testify before the Grand Jury *(see,* CPL 190.50 [5] [a]; [c]; *People v Davis,* 167 AD2d 553; *People v Moore,* 145 AD2d 510; *People v Gilbert,* 143 AD2d 529). Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.