OPINION OF THE COURT
Stephen M. Behar, Sr., J.
The misdemeanor information charged that on May 5, 1999 at 6:02 p.m. while driving an automobile eastbound near *111 Hospital Road, East Patchogue, Suffolk County, New York, the defendant’s ability to operate that vehicle had been impaired by the prior consumption of alcohol. The information further alleged that at the subject time and place, the defendant had been involved in a motor vehicle accident, that upon interviewing defendant it was observed that his breath smelled of alcohol, his stance was unsteady and that the defendant stated that he had two glasses of wine earlier in the day. The defendant also allegedly stated, “I was driving east on the service road of Route 27 when a hedge cutter fell out the back of my truck. When I looked back I hit a bus that I didn’t see.” Finally, the information alleged that the defendant submitted “to a breath test; the results being .07% BAG.”
As the bus in question was a school bus transporting children, the defendant was also accused of endangering the welfare of a child in violation of section 260.10 (1) of the Penal Law and of reckless endangerment in the second degree in violation of Penal Law § 120.20. Prior to trial, the defendant moved for the dismissal of these charges. The charges were dismissed pursuant to this court’s written opinion dated January 22, 2001.
The defendant was also accused of operating an unregistered vehicle. This charge was dismissed upon proof.
As the remaining charge was a violation, trial was commenced before the court without a jury. The People presented three witnesses: the school bus driver, the arresting officer and the officer who administered the breathalyzer exam.
The school bus driver did not proffer any evidence of the impaired condition of the defendant. However, she did testify that something had flown out of the back of the defendant’s pickup truck immediately prior to the accident.
The arresting officer testified that he was one of three police officers who responded to the accident scene. This officer observed that the defendant was unsteady on his feet and wobbly. When the officer inquired of defendant’s physical condition, the defendant stated he was fine. The defendant explained to the officer that at the time he was driving, a hedge cutter he had just purchased, flew out of the back of his pickup truck. When he turned around to observe the hedge cutter, he crashed into the rear and side of the school bus. The police officer observed that the defendant smelled of alcohol. When the officer asked defendant if he had been drinking, the defendant *112 replied he had two glasses of wine earlier in the day. The officer arrested the defendant, charging him with driving while intoxicated and removed him to the 5th Precinct. At the precinct house the defendant consented to taking a breathalyzer exam. After receiving his Miranda warnings, the defendant stated that he had consumed two glasses of wine between 4:00 and 4:30 p.m.
The People’s final witness was the police officer who administered the breathalyzer test to the defendant. This officer noted that he has been certified by the New York State Department of Health since March 1994. The officer identified the test result readout, which indicated that defendant’s blood alcohol level was .076 of one per centum by weight. On cross-examination this officer acknowledged that the margin of error for a breathalyzer exam was .01 per centum.
The defendant then took the stand, admitted having two glasses of wine earlier in the day, alleging between 3:30 and 4:00 p.m. The defendant stated that he crashed into the bus because he had turned around, after going over a bump, to observe the weed wacker bounce out of his truck.
At the close of the case, both sides focused on whether or not the court could consider the breathalyzer reading to the third decimal. Both sides briefed this question.
Vehicle and Traffic Law § 1195 (1) provides that upon a trial for an alleged violation of Vehicle and Traffic Law § 1192 “the court shall admit evidence of the amount of alcohol * * * in the defendant’s blood as shown by a test administered pursuant to the provisions of’ Vehicle and Traffic Law § 1194. Vehicle and Traffic Law § 1195 (2) specifies the probative value to be given to the evidence of blood alcohol content as determined by such tests. Vehicle and Traffic Law § 1195 (2) (a) provides that evidence “that there was .05 of one per centum or less by weight of alcohol in such person’s blood shall be prima facie evidence that the ability of such person to operate a motor vehicle was not impaired by the consumption of alcohol.” Vehicle and Traffic Law § 1195 (2) (b) provides that evidence “that there was more than .05 of one per centum but not more than .07 of one per centum by weight of alcohol in such person’s blood * * * shall be relevant evidence, but shall not be given prima facie effect, in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol.” Vehicle and Traffic Law § 1195 (2) (c) provides that evidence “that there was more than .07 of one per centum but less than .10 of one per centum by weight of *113 alcohol in such person’s blood * * * shall be given prima facie effect in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol.”
If the court may consider the breathalyzer reading to the third decimal, the breathalyzer reading must be given prima facie effect in determining whether the defendant’s ability to operate a motor vehicle was impaired by the consumption of alcohol. If the court may not consider the breathalyzer reading to the third decimal, the breathalyzer reading may be considered relevant evidence, but shall not be given prima facie effect in determining whether the defendant’s ability to operate a motor vehicle was impaired by the consumption of alcohol. This determination becomes dispositive because of the paucity of additional evidence indicating an impairment of the defendant’s ability to drive.
The People offered no evidence of the defendant’s impaired ability to operate his vehicle. Both sides proffered testimony that the accident was caused by the defendant’s inattention, resulting from his concern because the weed wacker had bounced out of his truck. Beyond the testimony that the defendant was unsteady on his feet and wobbly, the People did not offer testimony specifying the behavior supporting these conclusions. Likewise there was no testimony that the defendant’s eyes were bloodshot, nor that his speech was slurred. Additionally, there was no evidence that the defendant failed field sobriety tests.
Vehicle and Traffic Law § 1194 sets forth the procedures for arrest and testing upon a charge of violating Vehicle and Traffic Law § 1192. Vehicle and Traffic Law § 1194 (4) (c) provides that, “[t]he department of health shall issue and file rules and regulations approving satisfactory techniques or methods of conducting chemical analyses of a person’s blood, urine, breath or saliva.”
The New York State Department of Health’s rules and regulations provide, in pertinent part, that, “[b]reath test techniques methods meeting the following criteria are established by the training agencies under the direction of the commissioner.” (10 NYCRR 59.5.) Thereafter, the criteria for the proper technique of breath testing are set forth, including the following specific directive. “Results of an analysis of breath for alcohol shall be expressed in terms of percent weight per volume, to the second decimal place as found; for example, 0.237 percent found shall be reported as 0.23 percent.” (10 NYCRR 59.5 [e].)
*114 Beyond Judge Colaneri’s opinion in People v Dembeck (145 Misc 2d 442 [Suffolk Dist Ct 1989]), neither party offers additional dispositive judicial authority. The pertinent provisions of the Vehicle and Traffic Law provide that breath test evidence is admissible and, in certain cases, presumptive when obtained in accordance with the Department of Health licensing standards and procedures of practice. In the Department of Health’s rules and regulations pertaining to those very standards and procedures, it is specifically provided that readings must be expressed to the second decimal point only. Trial testimony established that a margin of error of .01 per centum already exists.
This court is compelled to abide by the rules and regulations of the Department of Health as the Vehicle and Traffic Law defers to those rules and regulations in establishing the admissibility of breath test results. Wherefore this court shall not consider evidence of the breathalyzer reading to the third decimal.
Upon that determination, the court concludes that the admissible scientific evidence proffered by the People in this case supplied only relevant, not prima facie, evidence that the defendant’s ability to operate his vehicle was impaired by the prior consumption of alcohol. This, added to the remaining evidence in this case, is not sufficient to convince this court, as the trier of fact, beyond a reasonable doubt, that at the date, time and place in question, the defendant’s ability to operate his vehicle was impaired by the prior consumption of alcohol.