OPINION OF THE COURT
Memorandum.
Judgments of conviction affirmed.
On February 20, 2004 defendant was observed by police officers crossing over a double yellow line. After he was stopped, the officers observed that his eyes were bloodshot, red and watery, and defendant admitted to drinking several beers. At the police barracks, defendant consented to take a chemical test of his breath. The testimony of the arresting officer and the officer who administered the breath test revealed that defendant had been handcuffed to a bench in the booking room where the arresting officer was preparing his report and that defendant was not continuously observed by the officers for at least 15 minutes prior to the collection of the breath sample because he had been permitted to use the bathroom. The results of the test administered to defendant indicated that his blood alcohol level was .11%. The certified calibration and maintenance records for the breath test instrument were admitted into evidence.
On appeal, defendant contends that the People failed to meet the requirements for the admission of the breath test results *32 because the defendant was not continuously observed for at least 15 minutes by police prior to the collection of the breath sample and that the record of calibration/maintenanee did not comply with 10 NYCRR 59.5 (d).
The failure of the police officers to continuously observe defendant for at least 15 minutes before the test was carried out (10 NYCRR 59.5 [b]) goes only to the weight to be afforded the test result, not its admissibility (People v Terrance, 120 AD2d 805 [1986]; People v Williams, 96 AD2d 972 [1983], revd on other grounds 62 NY2d 765 [1984]; People v Lebrecht, 13 Misc 3d 45 [App Term, 9th & 10th Jud Dists 2006]; People v Grasso, NYLJ, Feb. 7, 2002, at 22, col 3 [App Term, 9th & 10th Jud Dists]). “Neither the statute, the regulations nor the exercise of reason call for [a] constant vigil” (Williams, 96 AD2d at 973).
Defendant’s reliance upon 10 NYCRR 59.5 (d) which governs the reference standard that applies to the simulator solution utilized just prior to the actual test performed is misplaced. It does not govern the calibration that is performed on the instrument at the test center for the State Police as part of the calibration and maintenance of the instrument. Moreover, the relevant records introduced at trial established that the reference standards that were utilized at the time of the test were .09, .09 and .10, which comport with said regulations. Accordingly, we find that the breath test results were properly admitted into evidence. Consequently, the judgments convicting defendant of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and driving while impaired (Vehicle and Traffic Law § 1192 [1]) are affirmed.
Contrary to defendant’s contention, the issue raised for the first time on appeal, that the court should have instructed the jury as to the weight to be given to the breath test results for noncompliance with 10 NYCRR 59.5 (b), is not preserved for appellate review since the specific objection or request for such a charge was not raised in the court below (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). Counsel merely raised an objection before and after the charge was given seeking to have the court read 10 NYCRR 59.5 (b) to the jury so that counsel could argue during summation that the test results were not reliable. In any event, were we to review this issue, we would find that in the exercise of its discretion, the court properly provided a sufficient statement of facts to explain, as far as practicable, the application of the law to the facts in its charge *33 to the jury (see CPL 300.10 [2]; People v Barren, 240 AD2d 586, 587 [1997]). The charge was balanced and properly conveyed the appropriate legal principles to the jury to be applied in considering and weighing the evidence in this case (see People v Bonney, 222 AD2d 687 [1995]), and the court instructed the jury that they must consider whether the test was properly administered. The charge did not eliminate from the jury’s consideration any essential element of the defense (see People v Ramsey, 178 AD2d 269, 270 [1991]). Moreover, defendant’s position was made clear during cross-examination of Trooper Schuta that defendant was not observed continually for 15 to 20 minutes prior to subjecting defendant to the breath test. Counsel was also permitted to pursue the trooper’s failure to comply with 10 NYCRR 59.5 (b) during summation when he commented that the failure to observe defendant for the requisite period of time was fatal to the “breath test coming in,” that the test results were not valid and that this was enough to establish reasonable doubt with respect to the charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]). We note, further, that the charge taken as a whole conveyed to the jury that they were to consider and weigh all the evidence in the case and decide which evidence they believed to be credible and worthy of consideration. Therefore, we find that the error, if any, was harmless in light of the overwhelming evidence of guilt (see People v Ferrara, 4 Misc 3d 142[A], 2004 NY Slip Op 51055[U] [App Term, 9th & 10th Jud Dists 2004]).
Rudolph, P.J., Angiolillo and Tanenbaum, JJ., concur.