OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant was charged with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]); driving while intoxicated *716 (Vehicle and Traffic Law § 1192 [3]); turning movements and required signals (Vehicle and Traffic Law § 1163 [c]); and consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]). After a trial by jury, the defendant was convicted on May 10, 2013 of driving while intoxicated per se, driving while intoxicated and consumption or possession of alcoholic beverages in certain motor vehicles.[1]
The defendant moved prior to trial to preclude the People from eliciting the result of the defendant’s breath test for blood alcohol content as a three decimal point reading. Relying on People v Yambo (190 Misc 2d 110 [Suffolk Dist Ct 2001]) and People v Dembeck (145 Misc 2d 442 [Suffolk Dist Ct 1989]), the defendant contended that the New York Department of Health Rules and Regulations regarding the chemical analyses of blood, urine, breath or saliva for alcoholic content require that the result of a breath test be reported only to the second decimal point (see 10 NYCRR 59.2 [a]). The People did not oppose the defendant’s application and agreed to introduce evidence of the defendant’s breath test result as a two decimal point reading. Thereafter, the video recording of the defendant’s breath test was admitted into evidence and published to the jury. The recording, however, displayed the defendant’s breath test result as a three decimal point reading. The defendant objected and moved for a mistrial, claiming that the error was so prejudicial that it deprived him of a fair trial (see CPL 280.10 [1]). The court orally denied the defendant’s motion, finding that the report of the defendant’s breath test to the third decimal point was a violation of a Department of Health rule which affected only the weight of the evidence and not its admissibility.[2] This written decision further explains the basis for the court’s ruling.
Vehicle and Traffic Law § 1194 (4) (c) directs the Department of Health to “issue and file rules and regulations approving satisfactory techniques or methods of conducting chemical analyses of a person’s blood, urine, breath or saliva.” The techniques and methods approved for breath analysis for alcoholic content are contained in 10 NYCRR 59.5. In sum, the section requires *717 that a breath sample be collected by a police officer with an instrument meeting the regulatory criteria (see 10 NYCRR 59.5 [a]); that the subject be observed for at least 15 minutes prior to the collection of the sample (see 10 NYCRR 59.5 [b]); that a system purge shall precede both the analysis of the subject and the reference standard (see 10 NYCRR 59.5 [c]); that the result of an analysis of a reference standard with an alcoholic content equal to or greater than .08 must correspond to the reference standard value within a limit of plus or minus .01 percent (see 10 NYCRR 59.5 [d]); that the sequence of analysis of the subject and the reference standard shall proceed according to the protocol established by the training agency (see id.)-, and that the readings of the analysis of the subject and the reference standard must be recorded (see id.). Further, 10 NYCRR 59.2 (a), which governs the techniques and methods for determining blood and urine alcohol content, expressly requires that “[a] 11 blood and urine alcohol determinations shall be . . . reported as whole blood alcoholic concentration (BAG) to the second decimal place as found; for example, 0.137 percent found shall be reported as 0.13 percent weight per volume” (10 NYCRR 59.2 [a]).[3]
In Yambo, the Suffolk County District Court held that because it was compelled to abide by the rules and regulations of the Department of Health, to which “the Vehicle and Traffic Law defers ... in establishing the admissibility of breath test results,” it would not “consider evidence of the breathalyzer reading to the third decimal” (Yambo, 190 Misc 2d at 114). Similarly, in Dembeck, the Suffolk County District Court held that since “10 NYCRR 59.5 (e) specifically provides that results of breath tests are to be expressed only to the second decimal place ... if a reading is given to the third decimal place, the third digit is to be ignored” (Dembeck, 145 Misc 2d at 443). Nevertheless, the Court of Appeals subsequently ruled that where the defendant was charged with the misdemeanor offense of driving while intoxicated but convicted of the traffic infraction of driving while impaired, the error, “if any,” in allowing evidence of the defendant’s blood alcohol content to the third decimal point was harmless (People v MacDonald, 89 NY2d 908, 910 [1996]).
*718 Moreover, appellate courts have held that lack of compliance with an analogous Department of Health rule does not affect the admissibility of the breath test result. Thus, the failure to observe the defendant for at least 15 minutes prior to the collection of a breath sample affects only the weight of the evidence (see People v Kostrubal, 37 Misc 3d 142[A], 2012 NY Slip Op 52280[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Lent, 29 Misc 3d 14, 21 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Schuessler, 14 Misc 3d 30, 32 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see also People v Terrance, 120 AD2d 805 [3d Dept 1986]). Indeed, proof of the continuous observation of the defendant is neither a predicate to admission of the result nor a strictly construed requirement since “[n]either the statute, the regulations nor the exercise of reason call for [a] constant vigil” (Lent, 29 Misc 3d at 22-23, citing People v Williams, 96 AD2d 972, 973 [3d Dept 1983]).
Unlike the 15 minute observation requirement, the rule that a breath test result be reported to the second decimal point does not implicate the reliability of the test. The failure to observe the defendant to ensure, for example, that he has not placed anything in his mouth before the test obviously may impact the accuracy of the result. In contrast, the report of a breath test result beyond the second decimal point is a ministerial error which is unrelated to the procedure or accuracy of the test. As such, the fact that a breath test result is reported to the third rather than the second decimal point is irrelevant to its admissibility. If anything, the failure to comply with the Department of Health reporting rule impugns the credibility of the witness who recorded the breath test result, not the test result itself. Consequently, the admission into evidence of the video recording displaying the defendant’s blood alcohol content as a three decimal point reading is not error which the factfinder is bound to disregard. This court therefore declines to follow Yambo and Dembeck, which are not controlling.
Accordingly, the report of the defendant’s blood alcohol content to the third decimal point on the video recording is not so prejudicial to the defendant as to deprive him of a fair trial. The defendant’s motion for a mistrial therefore is denied.

. The court granted the defendant’s motion for a trial order of dismissal as to the charge of turning movements and required signals (Vehicle and Traffic Law § 1163 [c]).

. The court offered to give a curative instruction to the jury, directing them to disregard evidence of the third decimal point, which the defendant rejected.

. This section was previously codified as 10 NYCRR 59.5 (e), which required that the “results of an analysis of breath for alcohol shall be expressed in terms of percent weight per volume, to the second decimal place as found; for example, 0.237 percent found shall be reported as 0.23 percent” (Yambo, 190 Misc 2d at 113, citing 10 NYCRR 59.5 [e]).