The People of the State of New York, Respondent, v Jose Navarro, Appellant.

Second Department, March 20, 1978

APPEARANCES OF COUNSEL

*James J. McDonough* (*Michael J. Obus* of counsel), for appellant.

*Denis Dillon, District Attorney* (*Anthony J. Girese* and *William C. Donnino* of counsel), for respondent.

**OPINION OF THE COURT**

SHAPIRO, J.

At about 11:17 A.M. on November 25, 1975, cruising police officers received a radio dispatch directing them to stop a late model green automobile with left front damage. The occupants of the auto were described as "two male Hispanics and a female Hispanic" who had been involved in a robbery in Freeport.

Within 8 to 10 minutes after receiving the radio dispatch, the police observed a green Oldsmobile with damage to the left front fender which was being driven by a female with a male in the front passenger seat and another male seated in the rear. They all appeared to be Hispanic. The police stopped the vehicle and approached it with guns drawn and ordered the occupants (one of whom was the defendant) out of the car. The proceeds of the robbery and other contraband were found in the car.

Appellant's sole contention on this appeal is that he was subjected to an unlawful arrest because the radio dispatch was insufficient to supply probable cause for the conduct of the police in effectuating an immediate arrest without their having first made some inquiries of the occupants of the car and that the evidence seized from the vehicle should therefore have been suppressed.

It should be noted that the appellant did not at the Criminal Term, nor does he on this appeal, challenge the fact that the original alarm was issued upon probable cause. Accordingly, the holding in *People v Lypka* (36 NY2d 210, 214) that: "where on a motion to suppress, a challenge to the receiver's [of the radio alarm] action is made, the presumption of probable cause * * * [conferred by that alarm] disappears from the case * * * [and, to meet their burden] the People must demonstrate that the sender or sending agency itself possessed the requisite probable cause to act", is not relevant here (cf. *Whiteley v Warden,* 401 US 560, 568; *People v Horowitz,* 21 NY2d 55, 60).

In this case the radio alarm was sufficiently specific to virtually eliminate the chance of misidentification. Thus, the police action in approaching the vehicle with drawn weapons was a valid response to the notification that the vehicle and its occupants were wanted in connection with a robbery. Under the circumstances it was proper for the police to direct

the defendants to exit from the vehicle without first questioning them in order to insure that the defendants were not armed and would not cause harm to the officers during the initial inquiry (see *People v McLaurin,* 43 NY2d 902, revg 56 AD2d 80, 84-85 on dissenting opn of Mr. Justice NUNEZ). The judgment of conviction should therefore be affirmed, but perhaps a word should be said about CPL 710.70 (subd 2), which provides that: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty."

In view of the many cases now coming before our appellate courts in which defendants plead guilty (usually after a negotiated plea) and then, as here, take an appeal upon a claim of improper denial of their motions to suppress evidence, perhaps the time has come for the Legislature to consider the advisability of amending the statute so as to preclude appeals under such circumstances. Is it too much to say to a defendant that if he wants to attack the invalidity of the suppression order he may only do so after standing trial? We do not believe there would be any constitutional impediment to the enactment of such a statute (cf. *People v Williams,* 36 NY2d 829; *People v Esajerre,* 35 NY2d 463). Our suggestion is limited to suppression motions and not, for example, to speedy trial motions (see *People v Blakley,* 34 NY2d 311).

MARTUSCELLO, J. P., DAMIANI and TITONE, JJ., concur.

Judgment of the County Court, Nassau County, rendered March 26, 1976, affirmed.