Laconia District Court
No. 79-309

THE STATE OF NEW HAMPSHIRE

v.

TIMOTHY J. DECATO

May 12, 1980

*Gregory H. Smith*, acting attorney general (*Deborah J. Cooper*, assistant attorney general, orally), for the State.

*James D. O'Neil, III*, of Laconia, by brief for the defendant.

BOIS, J. The principal issue in this DWI case is whether breathalyzer test results that measure the percentage of blood alcohol in terms of a ratio of the weight of alcohol per unit volume of blood are admissible under RSA 262-A:63. We hold that they are, and affirm the defendant's conviction.

While driving his vehicle on the evening of May 6, 1979, the defendant was stopped by a Laconia police officer. After the defendant performed field dexterity tests, the officer took him to the Laconia police station, gave him a breathalyzer test, and charged him with operating a motor vehicle under the influence of

alcohol. RSA 262-A:62 (Supp. 1970). At trial, the officer who administered the breathalyzer test testified that he had obtained a reading of .14% blood alcohol and that this measurement "is in weight." The defendant objected to the admission of this evidence. He argues that the testimony was inadmissible because the breathalyzer results were expressed in terms of weight by volume rather than weight by weight, and that such results do not comport with the "by weight" measurement required by RSA 262-A:63. The District Court (*Huot*, J.) ruled that the breathalyzer results were admissible, and relied solely upon them in finding the defendant guilty of the alleged offense. The court revoked the defendant's license for 120 days and fined him $200. The defendant did not seek a de novo trial in superior court, and appealed directly to this court. RSA 502-A:17-a (Supp. 1979).

The legislature has created a statutory presumption of intoxication based upon the percentage of alcohol in the blood. RSA 262-A:63 provides in pertinent part that:

> Evidence that there was, at the time alleged, 10/100 percent, or more *by weight of alcohol* in his blood, is prima facie evidence that the defendant was under the influence of intoxicating liquor.

(Emphasis added.) It is the emphasized portion of the above statute that is at issue. The phrase "by weight of alcohol" is capable of two interpretations. It is used to signify the measure of weight of alcohol per unit weight (w/w), as in the analysis of blood and urine samples. *E.g.*, N.H. Dept of Health and Welfare, BLOOD ALCOHOL MANUAL, 11–12 (1978). It is also used to signify the measure of weight of alcohol per unit volume (w/v), as in breath analyses. *See State v. Carwile*, 441 S.W. 2d 763, 765-66 (Mo. App. 1969).

■ The breathalyzer at issue expresses the percentage of blood alcohol in the body in terms of a ratio of weight per unit volume (w/v). N.H. Dept. of Health and Welfare, BLOOD ALCOHOL MANUAL, 15 (1978); Smith & Wesson Electronics Co., BREATH-ALYZER MODEL 900A INSTRUCTION MANUAL, 8 (1973). It measures the weight of alcohol in milligrams in a given volume of air, 52.5 milliliters; it uses this ratio, and the fact that 2100 parts of deep lung "alveolar" breath contain substantially the same amount of alcohol as one part blood, to compute the weight of alcohol in milligrams in 100 milliliters of blood. *Id.* at 8, 33. This

figure is the percent blood alcohol commonly referred to as blood alcohol concentration (BAC), and is read directly from an indicator on the breathalyzer. *Id.* at 1, 6, 7. *See generally* R. DONIGAN, CHEMICAL TESTS AND THE LAW (Northwestern Univ., 2d ed. 1966); Amer. Med. Assoc., MANUAL–CHEMICAL TESTS FOR INTOXICATION (1959). It is possible to convert a breathalyzer BAC from w/v to w/w. 2 R. ERWIN, DEFENSE OF DRUNK DRIVING CASES, § 26.06 (3d ed. 1979). We find such conversion unnecessary here, however, and conclude that the legislature intended the language "by weight" to mean w/v.

■■ The primary basis for our conclusion is that the director of the division of public health has interpreted "by weight" to mean w/v under his statutory authority to approve methods for the chemical analyses of an arrested person's breath. RSA 262-A:69-i.

> The results of the analysis of breath for alcohol shall be expressed in terms of percent w/v, that is, grams of alcohol per 100 milliliters of blood.

BLOOD ALCOHOL MANUAL, *supra* at 15. The administrative interpretation of a statute is entitled to deference. *See N.H. Dept. of Rev. Admin. v. Public Emp. Lab. Rel. Bd.*, 117 N.H. 976, 977, 380 A.2d 1085, 1086 (1977). Moreover, the lack of legislative interference with the director of public health's interpretation of the statute that he is responsible in part for implementing, RSA 262-A:63, is additional evidence that the administrative construction conforms to the legislative intent. *Hamby v. Adams*, 117 N.H. 606, 609, 376 A.2d 519, 521 (1977); *Farrelly v. Timberlane Regional School Dist.*, 114 N.H. 560, 564, 324 A.2d 723, 726 (1974).

■ Clearly the w/v ratio is a plausible interpretation of "by weight." Because the director of public health has ascribed to such an interpretation under his statutory authority to approve methods for the chemical analyses of an arrested person's breath, and because of the legislature's noninterference with the application of this interpretation, we conclude that the legislature intended "by weight" to mean a w/v ratio. We therefore uphold the admissibility of the breathalyzer results and affirm the defendant's conviction.

*Affirmed.*

All concurred.