■ HENRIETTE T. GLATZER, as Executrix of WILLIAM GLATZER, Deceased, et al., Appellants, v HOWARD S. DAVIS, Respondent. — Order, Supreme Court, New York County (L. Grossman, J.), entered November 12, 1980, affirmed, without costs. The plaintiffs sued an outgoing member of a law partnership for an accounting on dissolution, and the defendant counterclaimed. With respect to the complaint, Special Term held that if there was continuing failure to properly comply with an order to answer a set of interrogatories, the complaint would be dismissed. Pending this appeal, the complaint was so dismissed, and an appeal with respect thereto is allegedly under way. In affirming the order on the interrogatories, we note that dismissing the complaint where both sides seek an accounting does not terminate the matter. An accounting in accordance with the counterclaim could also benefit the plaintiffs. However, the defendants represented to us on the oral argument that with the dismissal of the complaint, he was prepared to dismiss his counterclaim and thus terminate the whole proceeding. Concur — Kupferman, J.P., Sullivan, Silverman, Bloom and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. — Judgment, Supreme Court, Bronx County (Kleiman, J., at hearing, and Holland, J., at plea and sentence), rendered December 6, 1978, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree (Penal Law, §§ 110.00, 160.10), and sentencing him to a term of imprisonment thereon, is unanimously affirmed. The only issue which gives us pause on this appeal is whether the defendant's presence at the lineup was itself the product of an illegal seizure of the defendant — and whether, for that reason, the pretrial lineup identification should have been suppressed. (Cf. *United States v Crews,* 445 US 463; *People v Pleasant,* 76 AD2d 244; *People v Brnja,* 50 NY2d 366, 374.) But the issue of the illegality of the initial seizure or arrest of defendant preceding his presence at the lineup was never raised at the suppression hearing and the evidence at the hearing was not addressed to that issue. (Cf. *People v Tutt,* 38 NY2d 1011; *People v Martin,* 50 NY2d 1029.) Defendant, with full advice of counsel, entered into a negotiated plea to a lesser crime (with a lesser sentence exposure) than the crime which was in fact committed here. In the circumstances, we do not think the interest of justice requires us to remand the matter for a new evidentiary hearing to explore the issue advanced for the first time by defendant's appellate counsel. (Cf. *People v Navarro,* 61 AD2d 534, 536.) Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Fein, JJ.