■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANASTASIO VAFIADIS, Appellant. — Appeal from judgment, Supreme Court, New York County (Preminger, J., on sentencing; Leff, J., on suppression motion), rendered September 18, 1979 sentencing defendant, on his plea of guilty, to the crime of criminal possession of stolen property, in the second degree, is held in abeyance, pending a hearing as to whether the statements made by defendant shall be suppressed, and such a hearing is directed. The trial court denied defendant's motion for a hearing to suppress the statements. As the District Attorney concedes, under CPL 710.60 (subd 3, par [b]), the insufficiency of the sworn allegations of fact do not justify denial of a hearing as to the suppression of these statements upon the ground specified in CPL 710.20 (subd 3). The latter section clearly applies to the oral statements the defendant is alleged to have made to the police officer. That section relates to suppression of statements by defendant involuntarily made "to a public servant engaged in law enforcement activity or to a person then acting under his direction or in

cooperation with him". (CPL 710.20, subd 3.) As to the written statement to the store detective, the record is not sufficient to enable us to determine whether the store detective is "a public servant engaged in law enforcement activity" or "a person then acting under his direction or in cooperation with him". Accordingly, the hearing we direct will have to consider this question too, deciding whether the defendant is entitled to pretrial suppression of the statement to the store detective (cf. *People v Mirenda,* 23 NY2d 439, 448-449). The District Attorney argues that the conceded error in denying a hearing as to the statements to the police officer is harmless error. In the light of *People v Grant* (45 NY2d 366), we cannot agree, particularly if both the statements to the police officer and to the store detective are required to be suppressed. Concur — Carro, J. P., Lupiano, Fein and Milonas, JJ.

Silverman, J., concurs in a memorandum as follows: While I agree that under controlling authority we are required to direct this hearing, I wish to comment on the utter futility of what we are doing. Defendant was sentenced to a term of imprisonment of one and one-half to three years. He is no longer incarcerated and is now on parole. The maximum term of his sentence will expire in September, 1982, if not earlier. Thus his sentence will have been fully served and expired before this appeal can be finally determined. If we ultimately decide that the statements should not have been suppressed, then we will presumably affirm the judgment. If, on the other hand, we ultimately decide that the statements should have been suppressed, we will presumably offer the defendant the opportunity to withdraw his plea of guilty. Unless the defendant is insane, he will decline the opportunity, with or without thanks. Defendant was caught in possession of stolen credit cards in a department store, attempting to use the stolen credit cards to buy goods. If he is foolish enough to take the stand to deny his guilt, the statements about which we are so concerned will be admissible in evidence as impeachment material. Thus, if he goes to trial, whether or not the statements are suppressed, his conviction is inevitable. Defendant's indictment included a count of criminal possession of a forged instrument in the second degree, a class D felony (Penal Law, § 170.25). He pleaded guilty to a class E felony to cover the whole indictment. All he can gain by going to trial is the risk of a conviction of a class D felony and possibly a more severe sentence than he obtained on his plea of guilty. Obviously a lesser sentence can do him no good as he has already served the sentence now appealed from. Perhaps he will negotiate with the District Attorney for some more favorable result, but what room is there for such more favorable result in face of the fact that he has already served his sentence? The most than can be accomplished is that defendant's appellate counsel will have that glow that every lawyer feels on winning a case, even if the victory is pointless. If this analysis is correct, I suppose the District Attorney might avoid much futile huffing and puffing by consenting to the suppression of the statements without a hearing, the reversal of the judgment, and giving the defendant the "opportunity" to withdraw his plea of guilty with the concomitant "right" to go to trial on the indictment. I continue to be puzzled as to why the District Attorney's trial assistants are so divorced from what happens on appeal as to consent to negotiated pleas of guilty to a lesser offense and a lesser sentence without requiring a waiver by the defendant of such phantom suppression motions. (See *People v Williams,* 36 NY2d 829; *People v Navarro,* 61 AD2d 534.)