■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. PAQUETTE, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 16, 1982, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree. ¶ For the first time in this action, defendant raises the issue of denial of his right to a speedy trial on this appeal. However, a review of the factual background of this case indicates that the issue has been waived by defendant's plea of guilty (see *People v Adams,* 38 NY2d 605, 607). We must, therefore, affirm. ¶ Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. APPEL, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 20, 1983, upon a verdict convicting defendant of the crime of robbery in the first degree. ¶ During the early morning hours of January 7, 1983, defendant, codefendant James Vermette and complainant, Edward Mackey, were riding in an automobile operated by Vermette and owned by Vermette's parents. Defendant threatened Mackey with a pen knife and demanded the $140 which Mackey then possessed. The money was handed over to defendant. Shortly thereafter, Mackey contacted the police, informed them of the robbery, gave a description of the car, including its license plate number, and the full name of defendant as well as the first name of the operator of the car. That information was relayed to Officer John Dunn, who sighted the car and pulled it over at approximately 1:40 A.M. After obtaining identification from the two occupants of the car, the officer arrested defendant and Vermette. Mackey was driven to the scene and made a positive identification. The car was searched and a pen knife was found under the rug in the front seat area. ¶ A hearing was conducted prior to the trial upon defendant's motion to suppress disclosure of the knife and to prevent Mackey's in-court identification. Both motions were denied. Following a two-day trial, defendant was found guilty of robbery in the first degree and given an indeterminate sentence of 6⅔ to 20 years. This appeal ensued. ¶ As a first argument, defendant contends that the knife should have been suppressed because there was a lack of probable cause for the initial stopping of the car and for the subsequent search thereof. At the suppression hearing, no challenge was made to the reliability of the information relayed to Officer Dunn. Thus, reliability was properly assumed by the trial court and cannot now be challenged for the first time on appeal. The officer who stopped the car had knowledge that a robbery had been committed and had positive identification of the car. The arrest was made after positive identification of defendant (see *People v Lypka,* 36 NY2d 210). The search of the automobile was proper because it was incident to a lawful custodial arrest (*People v Ellis,* 62 NY2d 393; *People v Belton,* 55 NY2d 49). ¶ Defendant also contends that the trial court improperly interrupted defense counsel's cross-examination of various witnesses during the

suppression hearing and trial. We find no merit to this argument. A review of the record reveals that the trial court's interjections merely clarified issues and restricted the proof to reasonable bounds (*People v Jamison,* 47 NY2d 882, 883; *People v Hazen,* 94 AD2d 905, 906-907). ¶ Defendant's remaining arguments are conclusory and without merit. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.