■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL C. MUZZY, Appellant. — Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 19, 1983, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and criminal possession of stolen property in the second degree.

During the night of January 8, 1983, defendant and two accomplices were traveling in a van in the City of Elmira in Chemung County when they were stopped by police who had received a report, including a license plate number, from a private citizen that boxes were being loaded into a van by suspicious characters near the Elmira railroad yard. Eight boxes containing lightweight jackets were found in the van and these boxes matched 17 boxes containing similar jackets found at the scene near the railroad yard. The testimony at trial further revealed: that a Conrail train was stopped in Elmira earlier during the evening of January 8, 1983; that the train's 34th car, a flatbed with a large container, would have been near the scene where the 17 boxes were located; that when the train passed through the City of Binghamton in Broome County later that night, the latch on the container was observed to be broken with its seal missing; and that when the container arrived at its destination, 25 boxes of jackets were missing. Defendant was indicted for grand larceny in the second degree and criminal possession of stolen property in the second degree and, after a joint trial, was found guilty as charged. He was sentenced as a predicate felon to 3½ to 7 years for the grand larceny conviction and 2 to 4 years for the stolen property conviction, these sentences to run concurrently. This appeal followed.

First, we reject defendant's claim that he was denied effective assistance of counsel because he and the codefendants were represented by members of the same law firm. The record reveals extensive discussions about the possibilities of conflicts in such a situation and we are satisfied that defendant waived any possible claim of prejudice resulting from the joint trial (see,

e.g., *People v Gomberg,* 38 NY2d 307; *People v Close,* 103 AD2d 970). We also agree with County Court's denial of defendant's suppression motion. Based on the information supplied by the private citizen who observed the perpetrators loading the boxes into the van, including the van's license plate number, and the police officers' own observations, it is evident that there was probable cause to arrest and, accordingly, the warrantless search of the van and the seizure of items therefrom was proper (see, e.g., *People v Ellis,* 62 NY2d 393; *People v Belton,* 55 NY2d 49, 54-55; *People v Appel,* 103 AD2d 860). Similarly, we conclude that County Court did not err in admitting into evidence bolt cutters, a crowbar and pliers found in the van for these items, which might have been used to gain entry into the container, were certainly relevant.

We next reject defendant's claim that County Court erred in its *Sandoval* ruling inasmuch as the record demonstrates that County Court properly exercised its discretion by permitting inquiry into only certain of defendant's prior convictions (see *People v Bennette,* 56 NY2d 142), notwithstanding that certain of these prior crimes were similar to the instant charges (see, e.g., *People v Pavao,* 59 NY2d 282, 292; *People v Hendrix,* 44 NY2d 658). We further find no error in County Court's decision to permit the prosecution to amend its bill of particulars to reflect a higher value for the jackets as was adduced at trial. The record reveals that such amendment did not yield any prejudice to defendant and that the prosecution did not act in bad faith (see CPL 200.95, subd 8). We also conclude that there was more than sufficient evidence to sustain the conviction and that the charge regarding circumstantial evidence adequately conveyed to the jury the burden of proof in a circumstantial evidence case (see *People v Gonzalez,* 54 NY2d 729; *People v Morris,* 36 NY2d 877).

We further disagree with defendant's contention that a mistrial should have been declared because of alleged improper comments by the prosecutor during his summation. Although certain of the prosecutor's remarks should not have been said, defendant was not denied a fair trial thereby and the motion for a mistrial was properly denied (see CPL 280.10, subd 1). Finally, considering defendant's lengthy record, we cannot say that the sentences imposed are harsh and excessive. In view of the above, affirmance of the judgment is required.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.