THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN C. JOHNSON, Defendant-Appellant.
Third District    No. 3—86—0045

Opinion filed September 17, 1986.

Pamela A. Peters, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Steven Johnson, was charged in two counts with driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(1), (a)(2)). He was tried by a jury and found guilty on both counts as charged. The court subsequently sentenced defendant to a one-year period of conditional discharge, five days of periodic imprisonment, and a fine of $200 plus costs.

The facts underlying the charges brought against defendant will be set forth here only as needed to resolve the issue on appeal. On February 26, 1985, Officer Lawrence Weston of the Peoria police department observed defendant in a parked car along a residential street with his head pressed against the window on the driver's side. Exhaust smoke was emanating from the tail pipe. The officer parked his marked squad car and approached defendant's vehicle. As the officer did so, defendant slid across the front seat, turned the car off, and got out on the passenger side.

Weston noted that defendant exuded an odor of alcohol and that

his eyes were glassy and bloodshot. Defendant failed the sobriety field tests he was given at the scene and was arrested for driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)).

Defendant agreed to take a breathalyzer test. This was administered by Officer Mark Chittick at the police station. The intoxilizer machine registered an alcohol concentration of .25.

At trial, defendant admitted on cross-examination that he was drunk at all times in question, but denied that he had ever turned the ignition on in the car after becoming drunk. Defendant testified that he had parked his car at his brother's home around 1 p.m. and then he had gone to a tavern. There, he had imbibed several alcoholic drinks, screwdrivers. He walked back to his car around 4 p.m. and lay down in the front seat, wrapped up in overcoats, waiting for his brother to return home. Defendant stated that he was unable to start the car at that point because part of the ignition system had come off.

Defendant further testified that he had belched several times at the police station prior to and during the administration of the breathalyzer test. Neither Officer Weston nor Officer Chittick observed the defendant belching, burping, or vomiting at the police station.

In this appeal, defendant claims error in the admission of the results of the breathalyzer test. Defense counsel first raised an objection when State's exhibit No. 1, the intoxilizer test record, was offered into evidence. Defense counsel contended that the test administrator, Officer Chittick in this case, had not adhered to Rule 601(a) of the Department of Public Health Standards for testing breath for alcohol.

The rule in question requires "continuous observation of the subject for at least twenty (20) minutes prior to collection of the breath specimen, during which period the subject must not have ingested alcohol, food, drink, regurgitated, vomited or smoked." The rule must be followed if the chemical analysis is to be considered valid evidence of intoxication under section 11—501(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(a)(1)).

Defendant contends that the court improperly permitted the State to aggregate the 20-minute observatory period by adding an approximate 10-minute period of observation by Officer Chittick to the approximate 20-minute period during which the arresting officer, Weston, had observed defendant prior to the test. Defendant theorizes that the rule at issue requires that the machine operator (Chittick) observe for the entire 20-minute period. He further theorizes that his belching during the time he was being observed by Officer Weston in-

validates the test.

We find defendant's position untenable because nothing in the Public Health Standards prohibits belching during the prescribed period (*People v. Crawford* (1974), 23 Ill. App. 3d 398, 318 N.E.2d 743) and nothing proscribes the aggregation of observations by two officers to satisfy the 20-minute period. Moreover, even if we were to find defendant's theory on firm legal ground, the error he complains of is harmless because such error would not negate his guilt of the offense of which he stands convicted.

Significantly, the court sentenced defendant on a single offense of driving under the influence of alcohol. The court did not enter judgments of conviction on the jury's verdicts. Ergo, defendant stands "convicted" (see Ill. Rev. Stat. 1985, ch. 38, par. 2—5) of a single offense of driving under the influence of alcohol. And, in the absence of evidence to the contrary, we may assume that such conviction was properly entered upon the verdict of guilty under section 11—501(a)(2), which does not require admission of the intoxilizer test results. Defendant admitted. at trial that he was intoxicated from 4 p.m. until at least the time he took the breathalyzer test on February 26, 1985. Under these circumstances, defendant cannot claim prejudice as a result of our determination that he was properly convicted of driving under the influence of alcohol under section 11—501(a)(2). See *People v. Malik* (1983), 113 Ill. App. 3d 206, 446 N.E.2d 931 (an error affecting a charge under section 11—502(a)(2) did not taint the jury's guilty verdict on a section 11—501(a)(1) charge where no evidence was presented on the section 11—502(a)(2) charge which was prejudicial to defendant's defense of the other section 11—501(a)(1) charge).

For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

SCOTT, P.J., and HEIPLE, J., concur.