■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McDONOUGH, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's claim that the Department of Health lacked the authority to define the method of measuring weight of alcohol in blood pursuant to Vehicle and Traffic Law § 1194 (9). Defendant's construction of that provision would render subdivision (2) of Vehicle and Traffic Law § 1192 of no effect. We cannot conclude that the Legislature intended such result *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 144; *Sierra Club v Board of Educ.,* 127 AD2d 1007). We also conclude that the Department of Health's measurement of weight of alcohol per volume of blood *(see,* 10 NYCRR 59.1 [b]) is consistent with the provisions of subdivision (2) of Vehicle and Traffic Law § 1192 *(see, Commonwealth v Karch,* 349 Pa Super 227, 502 A2d 1359; *State v Decato,* 120 NH 358, 415 A2d 327; *City of Monroe v*

*Robinson,* 316 So 2d 119 [La]; *Commonwealth v Brooks,* 366 Mass 423, 319 NE2d 901).

The breathalyzer test results were properly received in evidence. The certificates of ampoule analysis and simulator solution both state that the original records were made at the time of each test or within a reasonable period of time thereafter and were properly received pursuant to CPLR 4518 (a) and (c) *(People v Mertz,* 68 NY2d 136; *People v Garneau,* 120 AD2d 112, *lv denied* 69 NY2d 880). The certificates of calibration were also properly admitted (CPLR 4518 [a]; *People v Klein,* 105 AD2d 805, *affd* 65 NY2d 613). We further conclude that defendant was adequately observed prior to administration of the test pursuant to 10 NYCRR 59.5 (b). Although the arresting officer testified that he was doing some paperwork at the time, he observed defendant for well over 15 minutes and was able to observe whether he did anything with his hands, belched, or regurgitated. A constant vigil is not required *(see, People v Williams,* 96 AD2d 972, *revd on other grounds* 62 NY2d 765).

The scope and extent of cross-examination are matters within the discretion of the court *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Kennedy,* 70 AD2d 181, 186). We are not persuaded that the restrictions upon cross-examination of prosecution witnesses amounted to an abuse of that discretion. Also, the trial court did not err by concluding that defense counsel failed to demonstrate that Dr. Colombo was qualified as an expert on the Smith & Wesson Breathalyzer Model 900-A.

Defendant voluntarily testified on his own behalf and admitted that he had been speeding on Lake Ontario State Parkway prior to his arrest. The court did not err by instructing the jury that it could consider this admission in connection with the speeding charge in the indictment, even though the bill of particulars alleged that defendant was speeding in the vicinity of Route 390 *(see,* CPL 200.95 [8]; *People v Spann,* 56 NY2d 469; *People v Muzzy,* 104 AD2d 708, *lv denied* 64 NY2d 784). (Appeal from judgment of Monroe County Court, Marks, J.— driving while intoxicated, and other offenses.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.