THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS BERTSCH, Defendant-Appellee.

Second District   No. 2—88—0402

Opinion filed May 12, 1989.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

David A. Caulk, of Sreenan, Cain & Sullivan, P.C., of Rockford, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)), the State appeals from an order rescinding the summary suspension of the driver's license of defendant, Thomas Bertsch. On appeal, the State contends that the officer who administered defendant's breath test properly complied with the 20-minute observation period prior to testing as required by the regulations of the Department of Public Health. We disagree and affirm.

As the parties are well familiar with the facts, we shall recite only those facts essential to the disposition of this appeal. At the hearing on defendant's petition to rescind his summary suspension, Deputy Keith Eikstadt of the Stephenson County sheriff's department testified that on September 12, 1987, at 7:25 p.m., he stopped defendant's vehicle for speeding. As Eikstadt approached defendant's vehicle, he noticed the smell of alcohol emanating from defendant. When defendant performed poorly on three field-sobriety tests, Eikstadt placed defendant under arrest for driving under the influence of alcohol and transported him to the police station.

Eikstadt further testified that after defendant received the "warning to motorist," defendant agreed to take a breath test. Eikstadt, who was certified to administer breath tests, stated that he observed defendant for 20 minutes prior to taking a breath sample. According to Eikstadt, defendant did not ingest alcohol or food, drink, regurgitate, vomit, or smoke during the observation period. Eikstadt further stated that although he wrote defendant's traffic citations during the observation period, he did not observe defendant belch during that period. Eikstadt indicated that a belch during the 20-minute observation period could skew the results of a person's breath test. The result of defendant's breath test showed a blood-alcohol content of .23. When called as a witness for the State, Eikstadt testified that he finished writing defendant's traffic citations prior to starting defendant's 20-minute observation period.

Defendant testified in his own behalf. Defendant stated that during the 20-minute observation period, he belched twice and that a phlegm-like substance went up into his mouth and was swallowed. Defendant further testified that his belches were five minutes apart and that the last one occurred five minutes prior to testing. Defendant stated that Eikstadt and another officer were doing paperwork and adjusting the machine when he belched. Defendant explained that he did not tell Eikstadt that he belched because he did not know that his belching would affect the result of his breath test.

After hearing argument, the trial court granted defendant's petition to rescind the statutory summary suspension of his driver's license. In reaching its decision, the trial court stated:

"Getting down to (e) whether or not the intoxilyzer was given or the breath analysis was performed in compliance with the rules and regulations of the Department of Public Health. *** We get a question here in the facts of the matter as to whether or not this test was performed in conjunction with their rules and regulations. *** And this Court's observation— or over the years observation of these kinds of cases the officer always kept him under observation for twenty minutes and continued to do so for the ten minutes between the two tests. And I have never heard of observation consisting of an officer writing tickets while he is observing the man or moving from room to room. And I agree with you Mr. Caulk that my recollection of the direct-examination of the officer originally was that first of all he was filling out tickets within the twenty minutes of the test and secondly that it was possible that the defendant could have belched and he not have seen it and I am now somewhat mystified then on rebuttal the testimony is he would have seen any movements and further that the tickets were written in another room or prior to the time. Something wasn't consistent with the first time. But be that as it may I take the testimony given originally and that was he did *not* in fact have Mr. Bertsch under continuous observation for twenty minutes, whether or not this really had any bearing on the test I don't know. Evidently the Department of Public Health thinks so because it is part of their rules and regulations that the officer is supposed to continue the observation to observe this. That's what Officer Eikstadt said from the stand. That's the purpose of belching, the same as vomiting. It would queer the test. Court finds as to Number 6 on the sheet that the summary suspension of the driving privileges of the defendant, this suspen-

sion is rescinded due to the fact that this test was not given in accordance with the rules and regulations of the Department of Public Health." (Emphasis added.)

From that ruling, the State brought this appeal. Pursuant to Supreme Court Rule 606(c) (107 Ill. 2d R. 606(c)), we granted the State leave to file a late notice of appeal.

On appeal, the State contends that even though Deputy Eikstadt wrote out defendant's traffic citations during the 20-minute observation period, his actions substantially complied with the regulations of the Department of Public Health. The State further argues that a belch does not violate the department's regulations for taking a breath test. Defendant maintains that the trial court correctly found that Eikstadt failed to comply with the 20-minute observation period prior to testing. Additionally, defendant asserts that because his belch involved a simultaneous regurgitation, his belch invalidated the results of his breath test. Regardless of whether Deputy Eikstadt properly observed defendant 20 minutes prior to taking his breath test, we determine that the trial court correctly determined that a proper foundation for the consideration of the breathalyzer results was not established.

■ When a person challenges the summary suspension of his driver's license, he bears the burden of proof at the rescission hearing. (*People v. Griffith* (1987), 153 Ill. App. 3d 856, 861; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 298.) To rescind the summary suspension of a defendant's driver's license, the trial court must find that the defendant has satisfied his burden of proof by a preponderance of the evidence. (*People v. Torres* (1987), 160 Ill. App. 3d 643, 646; *People v. Sanders* (1987), 155 Ill. App. 3d 759, 763.) Whether a defendant has met his burden of proof by a preponderance of the evidence is a question of fact for the trial judge, and his determination will not be overturned on review unless it is palpably against the manifest weight of the evidence. (*People v. Kurtz* (1988), 171 Ill. App. 3d 1068, 1070; *Torres*, 160 Ill. App. 3d at 646.) After carefully reviewing the record, it is clear to us that the trial court's finding was not against the manifest weight of the evidence.

■ Section 510.60(a) of the Illinois Administrative Code states:

"Procedures for breath alcohol analysis shall include the following requirements in conjunction with the testing of each subject:

a) Continuous observation of the subject for at least twenty (20) minutes prior to collection of the breath specimen, during which period the subject must not have ingested alcohol, food,

drink, regurgitated, vomited or smoked." 77 Ill. Adm. Code §510.60(a) (1985).

■■ Regurgitation within 20 minutes before taking a breath test can cause an inaccurate blood-alcohol content reading, and Rule 510.60(a) is intended to guard against such results. (*People v. Neville* (1987), 151 Ill. App. 3d 679, 681.) Although we note that other jurisdictions have recognized that a belch which occurs during the 20-minute observation period prior to testing can skew the results of a breath test, we do not feel the need to judicially insert into the Department of Public Health regulations the lack of belching as a foundational requirement for admissibility of the breathalyzer results. (See, *e.g.*, *State ex rel. McDougall v. Municipal Court* (1986), 153 Ariz. 111, 112, 735 P.2d 141, 142; *Donnelly v. Commissioner of Public Safety* (Minn. App. 1988), 422 N.W.2d 528, 529; *People v. McDonough* (1987), 132 A.D.2d 997, 998, 518 N.Y.S.2d 524, 526; *City of Columbus v. Taylor* (1988), 39 Ohio St. 3d 162, 164-65, 529 N.E.2d 1382, 1385; *State v. Johnson* (Tenn. Crim. App. 1986), 717 S.W.2d 298, 301.) We deem "belching" to be in the nature of an affirmative defense which tends to establish the inaccuracy of the breathalyzer results in spite of compliance with the departmental regulations for purposes of establishing admissibility. Deputy Eikstadt, a trained breathalyzer operator, testified that belching could cause the breathalyzer to give an inaccurate reading of a person's blood-alcohol content. Therefore, we conclude the court's determination that belching during the 20-minute observation period could have caused an inaccurate blood-alcohol content reading is not against the manifest weight of the evidence.

■ The State cites *People v. Johnson* (1986), 148 Ill. App. 3d 4, and *People v. Crawford* (1974), 23 Ill. App. 3d 398, for the proposition that because belching is not prohibited under Rule 510.60(a), it cannot be used to invalidate a person's breath test. In *Johnson*, the Appellate Court for the Third District relied on *Crawford* in concluding that belching does not invalidate a person's breath test. (*Johnson*, 148 Ill. App. 3d at 6.) The *Crawford* court, however, determined that even if Rule 510.60(a) prohibited belching under "a quite liberal" interpretation of the word "regurgitation," there was no testimony that the defendant did, in fact, belch during the 20-minute observation period. (*Crawford*, 23 Ill. App. 3d at 403.) In our opinion, the *Crawford* court did not go so far as to conclude that belching does not affect the results of a person's breath test. Therefore, we respectfully submit that *Johnson* and *Crawford* are factually distinguishable. Based on the aforementioned reasoning, we conclude that the trial court could have found belching during the 20-minute observation period invali-

dated the defendant's breath test results, not because of a violation of the Department's regulation, but in spite of it based upon the police officer's expert testimony that belching will "queer" the results.

At his summary suspension hearing, defendant testified that he belched twice during the 20-minute observation period. Defendant further testified that Deputy Eikstadt was doing paperwork and adjusting the breathalyzer when he belched. Eikstadt testified that during the 20-minute observation period, he did not observe defendant belch. The trier of fact is to determine the credibility of the witnesses, and, where the evidence is merely conflicting, a court of review will not disturb the trier of fact's judgment. (*People v. Cooper* (1987), 164 Ill. App. 3d 734, 737.) Here, the trial court believed defendant's version of the events which took place during the 20-minute observation period. Because defendant's explanation of the events which occurred prior to his breath test and the officer's testimony regarding the effects of belching were not inherently impossible or unreasonable (see *People v. Schubert* (1985), 136 Ill. App. 3d 348, 353), we affirm the rescission of the summary suspension of defendant's driver's license.

The judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

DUNN and LINDBERG, JJ., concur.