■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORRY COHEN, Appellant. [620 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 21, 1992, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The court's plea allocution was insufficient to substantiate that the defendant understood that he was waiving the evidentiary suppression issues. The court did not inquire whether the defendant had read the typewritten waiver, whether the signature was in fact the defendant's, and if the defendant was aware of the contents of the waiver prior to executing it *(see, People v DeSimone,* 80 NY2d 273; *People v Fields,* 196 AD2d 550). Therefore, the defendant's waiver of his right to appeal was not knowing, intelligent, and voluntary *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1), and we have examined the defendant's contentions regarding the denial of the branch of his omnibus motion which was to suppress physical evidence.

On June 12, 1991, two police officers on patrol in a housing project in Queens encountered the defendant, who had a gun, in a stairwell. One of the officers shouted to the other that the defendant had a gun, and told the defendant to stop. However, the defendant ran away. The defendant contends that the officers acted improperly when they pursued him down the stairwell and across a parking field. Consequently, the defendant argues, the evidence obtained as the result of the illegal

pursuit, i.e., 36 bags of crack cocaine he threw under a parked vehicle during the chase, should have been suppressed.

Where, as here, a defendant does not challenge at a suppression hearing the reliability of information relayed by a fellow officer to a police officer, the reliability of the information may be properly assumed (see, People v Appel, 103 AD2d 860). " '[T]he [defendant] must specifically challenge the reliability of the sender's information, as opposed to the sufficiency of the information provided * * * Where a motion to suppress does not attack the underlying basis * * * the presumption * * * remains * * *' (People v Bowdoin, 89 AD2d 986, 986-987; see, also, People v Jenkins, 47 NY2d 722; People v Navarro, 61 AD2d 534)" (People v Ward, 95 AD2d 233, 239-240).

Thus, reliability was properly assumed by the trial court, and any argument that takes issue with that finding cannot be raised for the first time on appeal (see, People v Volpe, 60 NY2d 803; People v Nuccie, 57 NY2d 818; People v Medina, 53 NY2d 951; People v Martin, 50 NY2d 1029; People v Melendez, 135 AD2d 660; People v Doherty, 134 AD2d 513; People v Lee, 132 AD2d 625).

We have reviewed the appellant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.