■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JONES, JR., Appellant. [856 NYS2d 225]—

Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Hayes, J.), rendered February 9, 2006, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition

thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of operating a motor vehicle while under the influence of alcohol as a felony.

Ordered that the amended judgment is affirmed.

The County Court properly admitted into evidence at the defendant's violation of probation hearing the defendant's two positive Alco-Sensor test results, notwithstanding that the probation officers who administered the tests may not have maintained a continuous observation of the defendant for 15 minutes prior to the tests (see 10 NYCRR 59.5 [b]). The failure of the probation officers to continuously observe the defendant for at least 15 minutes prior to administering the Alco-Sensor test of the defendant's breath goes only to the weight to be afforded the test results, and not to their admissibility (see People v McDonough, 132 AD2d 997 [1987]; People v Terrance, 120 AD2d 805 [1986]).

The evidence presented at the violation of probation hearing that the defendant violated a condition of his probation by testing positive for the presence of alcohol on two separate occasions is sufficient to prove, by a preponderance of the evidence, that the defendant violated the terms and conditions of probation (see People v Minard, 161 AD2d 607 [1990]). Therefore, the County Court did not improvidently exercise its discretion in revoking the defendant's probation and sentencing him to an indeterminate term of imprisonment of one to three years on his underlying conviction of operating a motor vehicle while under the influence of alcohol as a felony. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.