■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL D. WILLIAMS, SR., Appellant. [980 NYS2d 866]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered July 5, 2012. The judgment revoked the probation component of defendant's split sentence of incarceration and probation and imposed a lengthier indeterminate term of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the probation component of the split sentence of incarceration and probation previously imposed upon his conviction of robbery in the third degree (Penal Law § 160.05) and sentencing him to a lengthier indeterminate term of incarceration. County Court did not abuse its discretion in denying defendant's request for an adjournment of the violation of probation hearing to en-

able him to obtain a copy of the plea and sentencing transcripts from the underlying conviction (*see People v Strauts*, 67 AD3d 1381, 1381 [2009], *lv denied* 14 NY3d 773 [2010]; *see also People v Darryl P.*, 105 AD3d 1439, 1440 [2013], *lv denied* 21 NY3d 1041 [2013]). Contrary to defendant's further contention, the People established by a preponderance of the evidence that he violated the condition of his probation that he abstain from the use of intoxicating beverages (*see People v Flinn*, 92 AD3d 1217, 1217-1218 [2012], *lv denied* 18 NY3d 994 [2012]; *People v Jones*, 50 AD3d 1058, 1059 [2008], *lv denied* 10 NY3d 936 [2008]). The state trooper who arrested defendant for driving while intoxicated after he crashed his vehicle testified at the hearing that defendant tested positive for alcohol on the preliminary screening device, failed three sobriety tests, and admitted that he purchased beer. Also contrary to defendant's contention, the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Whalen, JJ.