The People of the State of New York, Respondent,
against
Jerome Holman, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered October 9, 2013, after a nonjury trial, convicting him of driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered October 9, 2013, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The record supports the finding that defendant's statement to police that he "should have taken a cab" was a spontaneous, freely volunteered utterance that was unprompted by any police interrogation or the functional equivalent thereof, and, as such, was admissible regardless of whether defendant was in custody when he made it (see People v Hightower, 154 AD3d 636 [2017]; People v Grant, 96 AD3d 779, 780 [2012], lv denied 19 NY3d 1026 [2012]).
The verdict convicting defendant of driving while impaired (see Vehicle and Traffic Law § 1192[1]) was based on legally sufficient evidence and was not against the weight of the evidence. Again, no basis is shown for disturbing the court's determinations concerning credibility. Defendant's argument that the People failed to lay a proper foundation for the admission of the breathalyzer test results is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the People laid a proper foundation for the admission of the results (see People v Campbell, 73 NY2d 481, 484 [1989]), that included, insofar as relevant to this appeal, testimony establishing that defendant was adequately observed for 15 minutes prior to the administration of the test (see People v McDonough, 132 AD2d 997, 998 [1987], lv denied 70 NY2d 801 [1987]). In any event, any failure to continuously observe defendant for 15 minutes goes only to the weight to be afforded the test results, and not to their admissibility (see People v Jones, 50 AD3d 1058, 1059 [2008], lv denied 10 NY3d 936 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 31, 2019