(May 8, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS P. TERRANCE, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered October 11, 1983, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

At approximately 12:10 A.M. on March 30, 1983, two State Police officers arrested defendant for driving while intoxi-

cated. *Miranda* warnings were administered following which defendant refused to submit to a chemical test of the alcohol content of his blood. After his arraignment, which was promptly accomplished before a Town Justice, the police officers again informed defendant of his *Miranda* rights and asked him to take a breathalyzer test; this time he acceded. The test measured defendant's blood alcohol content at .11%.

Defendant was subsequently indicted on two counts of operating a motor vehicle while under the influence of alcohol, as a felony. The first count charged defendant with driving with a blood alcohol level of at least .10% (Vehicle and Traffic Law § 1192 [2]) and the second count charged him with the nominal common-law crime of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). A jury acquitted defendant of the first count, but found him guilty of the second. At sentencing, a fine of $500 was imposed and defendant was placed on probation for five years.

On appeal, defendant initially urges that the failure of the arraigning Town Justice to assign him a lawyer at that time abridged defendant's right to counsel during the early stages of the processing of this action. That arraignment did indeed commence the criminal proceedings against defendant, hence the right to counsel attached at that time *(see, People v Blasingame,* 65 AD2d 455, 459; *see also, People v Settles,* 46 NY2d 154, 161). However, the absence of counsel did not prejudice defendant for no incriminating statements were elicited from him and his submission to a breathalyzer test did not violate his constitutional rights, including that of his right to counsel *(see, People v Craft,* 28 NY2d 274). And despite defendant's contrary assertion, had the Town Justice assigned counsel, the latter could not have compelled a preliminary felony hearing (which was not held) prior to indictment by the Grand Jury, for no such right exists *(see, People v Aaron,* 55 AD2d 653; *People v Abbatiello,* 30 AD2d 11).

Defendant's remaining arguments are even less substantial, relating as they do to witness credibility, to police harassment charges having absolutely no basis in the record, and to the denial of a mistrial application which, in light of County Court's curative instructions to the jury, was rightly denied. As for defendant's qualms regarding introduction into evidence of the breathalyzer test results, his acquittal of the first count based on that evidence makes that objection academic. In any event, there was sufficient evidence to allow the jury to conclude that the test was correctly administered and that the machine was operating properly *(cf. People v English,* 103

AD2d 979). Failure of the police officer conducting the test to ensure that defendant had nothing in his mouth for 20 minutes before the test was carried out goes only to the weight to be afforded the test result, not its admissibility (see, People v Williams, 96 AD2d 972, revd on other grounds 62 NY2d 765).

With respect to the alleged severity of the sentence, it is enough to note that the Vehicle and Traffic Law expressly permits a fine and "such other penalties as are provided in the penal law" (Vehicle and Traffic Law § 1192 [5]), that the Penal Law deems defendant's felony a class E felony (Penal Law § 55.10 [1]), which is punishable by five years of probation (Penal Law § 65.00 [3] [a] [i]), and, significantly, that this conviction represents defendant's fourth driving while intoxicated conviction in the last 10 years.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.