■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID COFFEY, Appellant.

The defendant was incorrectly sentenced as a second felony offender pursuant to Penal Law § 70.06. His predicate offense, a conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4), is a violent felony offense (see, Penal Law § 70.02 [1] [c]), as are the instant convictions of manslaughter in the first degree (see, Penal Law § 70.02 [1] [a]) and criminal possession of a weapon in the second degree (see, Penal Law § 70.02 [1] [b]); thus, the defendant qualifies as a second violent felony offender (see, Penal Law § 70.04 [1] [a]). As Penal Law § 70.06 (1) (a), which defines the term "second felony offender", excludes second violent felony offenders from its ambit, the defendant is correct in his contention that he should have been sentenced as a second violent felony offender pursuant to Penal Law § 70.04 (see, Hechtman, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.06, p 217 [1986 Supp Pamph]; see also, People v Weiss, 120 AD2d 180). However, since the defendant was the beneficiary of the error, no prejudice ensued to him. Therefore, this error does not require vacatur of the defendant's sentence.

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.