■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLA FRYE, Appellant.—Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered October 12, 1990, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

We initially find that, because defendant made no incriminating statements, was fully advised of all of her rights and no plea was taken, she was not prejudiced by the absence of counsel at her initial arraignment *(see, People v Tyson,* 15 NY2d 866, *affg* 22 AD2d 764; *People v Terrance,* 120 AD2d 805, 806; *People ex rel. De Berry v McMann,* 24 AD2d 661). In

any event, following her indictment defendant was rear-raigned in County Court with assigned counsel present. Nor do we find any reason to disturb defendant's prison sentence of five years to life. First, defendant derived a benefit from pleading guilty as she was able to plead to an A-II felony instead of an A-I felony *(compare,* Penal Law § 70.00 [3] [a] [i], *with* Penal Law § 70.00 [3] [a] [ii]). In addition, several charges were dropped as a result of her plea and she was sentenced within the range promised when she entered her guilty plea. Under these circumstances, coupled with the fact that defendant did not receive the harshest sentence possible, it cannot be said that County Court abused its discretion in imposing sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899; *People v Spratt,* 135 AD2d 983, *lv denied* 71 NY2d 903; *People v Du Bray,* 76 AD2d 976). We have examined defendant's remaining contention and find it lacking in merit.

Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.