■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEVZI EKINCI, Appellant. [648 NYS2d 962] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered August 22, 1994, convicting him of criminal sale of a prescription for a controlled substance (nine counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH FRANKLIN, Also Known as KEVIN JOHNSON, Appellant. [648 NYS2d 986] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Mastro, J.), both rendered July 8, 1993, convicting him of attempted robbery in the second degree under Indictment No. 10835/92 and criminal possession of a controlled substance in the seventh degree under Indictment No. 8644/92, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial under Indictment No. 10835/92, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The Supreme Court properly denied the defendant's motion to suppress identification testimony (*see, People v Coleman,* 214 AD2d 619). The defendant's right to appellate review of his remaining contention regarding an alleged violation of his right to testify before the Grand Jury was forfeited by his plea of guilty (*see, People v Ferrara,* 99 AD2d 257). Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.