■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD CLARK, Appellant. [660 NYS2d 114] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered March 1, 1988, convicting defendant, after a jury trial, of rape in the first degree, attempted rape in the first degree, sexual abuse in the first degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to consecutive terms of 4 to 12 years and 3 to 9 years, to be served concurrently with concurrent prison terms of 1 year and 6 months, unanimously affirmed.

Defendant's claims that his right to testify before the Grand Jury was frustrated and that he was denied effective assistance of counsel in deciding whether or not to testify because of alleged inadequate notice of the presentation of charges not contained in the felony complaint are both unpreserved and without merit. The Grand Jury notice provisions of CPL 190.50 (5) do not impose upon the prosecution an obligation to provide notice of separate charges presented to a Grand Jury which are not included in a pending felony complaint, particularly where, as here, defendant was clearly aware that the additional charges would be presented to the Grand Jury (*see, People v Hernandez*, 223 AD2d 351).

Defendant has not shown any prejudice stemming from his arraignment on the indictment and entry of a not guilty plea in the absence of newly retained counsel (*see, People v Frye*, 177 AD2d 740). New counsel was not deprived of an opportunity to move for dismissal pursuant to CPL 190.50 (5) (c), and, in any event, such motion would have been meritless for the reasons previously stated.

The trial court appropriately exercised its discretion in denying defendant's motion for severance of the counts relating to

the separate sexual assaults, properly joinable under CPL 200.20 (2) (c), because defendant failed to show, pursuant to CPL 200.20 (3), that severance was warranted "in the interest of justice and for good cause shown" (see, People v Goldsborough, 203 AD2d 615, lv denied 84 NY2d 826). Further, severance of the drug possession charge from the rape charge was properly denied because, in the factual circumstances presented, proof regarding one offense was material and admissible as evidence in chief at the trial of the other offense (CPL 200.20 [2] [b]; see, People v Lane, 56 NY2d 1, 7).

Defendant's claims of ineffective assistance of counsel during trial are unsupported by the record. In this connection, defense counsel properly handled all aspects of the incident of defendant's tampering with proposed photographic evidence.

We have reviewed defendant's additional claims, including those raised in his pro se supplemental brief, and find that they do not warrant reversal. Concur—Sullivan, J. P., Milonas, Williams and Tom, JJ.