■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WITHERSPOON, Appellant. [676 NYS2d 509] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 4, 1996, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty the defendant forfeited appellate review of his claims that he was denied his right to testify before the Grand Jury and that he was denied the assistance of counsel at his arraignment proceedings (*see, People v Franklin,* 232 AD2d 577; *People v Meachem,* 50 AD2d 953). In any event, the

record demonstrates that he received notice at his initial arraignment on the felony complaint of his right to testify before the Grand Jury (*see,* CPL 190.50 [5]). Moreover, because the defendant made no incriminating statements, was fully advised of all of his rights, and a plea of not guilty was entered on his behalf, he was not prejudiced by the absence of counsel at his arraignment on the felony complaint (*see, People v Clark,* 240 AD2d 325; *People v Frye,* 177 AD2d 740; *People v Terrance,* 120 AD2d 805).

We also find no support in the record for the defendant's claim of ineffective assistance of counsel. The defense counsels' failure to move pursuant to CPL 190.50 (5) (c) to dismiss the indictment did not render their performance ineffective in this case (*see, People v Rogers,* 228 AD2d 623). Under the totality of the circumstances, it cannot be said that the defendant was denied his constitutional right to the meaningful representation of counsel (*see, People v Baldi,* 54 NY2d 137). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.