■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WITHERSPOON, Appellant. [953 NYS2d 657]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Weber, J.), dated April 12, 2010, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence of the same court (Cacciabaudo, J.), imposed January 4, 1996, upon his conviction of burglary in the second degree.

Ordered that the order is affirmed.

The defendant contends that he was illegally sentenced in 1996, and therefore, the 1996 conviction should not be used to enhance his current sentence. Specifically, the defendant asserts, and the People correctly concede, that he should have been sentenced in 1996 as a second violent felony offender, pursuant to the procedures outlined in CPL 400.15, upon his conviction of burglary in the second degree, based upon his previous conviction of a violent felony offense. Instead, the People filed a second felony offender statement pursuant to CPL 400.21 for

the defendant's conviction of a nonviolent felony offense in his record, and he was sentenced as a second felony offender pursuant to a negotiated disposition. Otherwise, the sentence imposed in 1996 was within the lawful sentencing range for a second violent felony offender.

The defendant did not object to the procedure employed during the sentencing in 1996, and his conviction was affirmed on appeal (*see People v Witherspoon*, 253 AD2d 502 [1998]). On his direct appeal from that judgment of conviction, the defendant did not raise the issue that he was improperly sentenced as a second felony offender, nor would he have been entitled to vacatur of the sentence on that ground had he raised the issue, since he was not adversely affected by any illegality in the sentence (*see* CPL 470.15 [1]; *People v Andrews*, 29 AD3d 599 [2006]; *People v Coffey*, 124 AD2d 814 [1986]).

In 2010, several years after fully serving the sentence for the 1996 conviction, the defendant was facing sentencing for a new conviction. He filed the instant motion pursuant to CPL 440.20, contending that the 1996 sentence must be set aside as illegal, that he must be resentenced, and that the resentence would postdate his commission of the crime underlying the new conviction, and, thus, could not be used for the purpose of enhanced sentencing on the new conviction. However, "[r]esentence is not a device appropriately employed simply to alter a sentencing date and thereby affect the utility of a conviction as a predicate for the imposition of enhanced punishment" (*People v Acevedo*, 17 NY3d 297, 303 [2011, Lippman, Ch. J.]). Accordingly, since the defendant failed to establish a ground constituting a "legal basis" for his motion to set aside the 1996 sentence (CPL 440.30 [3] [a]; [4] [a]), the County Court properly denied the motion. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.